James Edward **CURLIN**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 48086.

Court of Criminal Appeals of Texas.

March 6, 1974.

**890**

Howard D. Pattison, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery. Appellant entered a plea of guilty and a jury assessed his punishment at fifteen years.

First, appellant contends that the trial court erred in not granting his motion for a mistrial when one of the State's witnesses interjected extraneous offenses into the record.

The court admonished appellant pursuant to the requirements of Article 26.13, Vernon's Ann.C.C.P., and accepted his plea to the robbery. The State proceeded to prove up its case through the use of various witnesses. Officer T. C. Sewell, a detective for the Dallas Police Department, testified to facts concerning the arrest of appellant and the fact that appellant's reputation in the community was bad. Upon cross-examination, Sewell testified that he was familiar with some of appellant's friends, including one Leroy Curlin (appellant's cousin), whom he had talked to concerning appellant. On re-direct examination the prosecutor asked: "Leroy Curlin, who is he?" The witness answered: "He is a blitz bandit." Appellant's objection was sustained, his motion for mistrial was overruled, and the court sua sponte instructed the jury to disregard.

It is appellant's contention that this unresponsive statement interjected an extraneous offense and its prejudicial effect was not cured by the court's instruction.

The sustaining of appellant's objection and the instruction to disregard cured the error, if any. Furthermore, there was no further mention of the "Blitz Bandits" and there was no attempt on the part of the State to show that appellant was a "Blitz Bandit." See White v. State, 444 S.W.2d 921 (Tex.Cr.App.1969); Moore v. State, 434 S.W.2d 852 (Tex.Cr.App.1968).

Next, appellant contends that the trial court erred in overruling his motion for a new trial. On September 4, 1970, appellant pled guilty to the instant offense and punishment was assessed by a jury at eight years in the Texas Department of Corrections.[1] Thereafter, appellant's motion for new trial was granted. Subsequently, on November 3, 1971, he was convicted again and punishment was assessed by the jury at fifteen years.[2] Appellant argues the increased punishment was improper under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

There has been no showing that the jury in the second trial was made aware of appellant's prior trial. Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714. Furthermore, the rule set forth in North Carolina v. Pearce, supra, is not applicable to the facts in this case. See Fuery v. State, 464 S.W.2d 666 (Tex.Cr.App.1971); Casias v. State, 452 S.W.2d 483 (Tex.Cr.App.1970); Gibson v. State, 448 S.W.2d 481 (Tex.Cr.App.1969).

Finally, appellant asserts that credit for back jail time, while awaiting trial and retrial, should have been allowed. Appellant was arrested on April 19, 1970, and on September 9, 1970, he was convicted on his plea of guilty before a jury. On June 9, 1971, a motion for new trial was granted. Appellant was again convicted on November 3, 1971, and punishment was assessed at fifteen years. On January 28, 1972, an amended motion for new trial was overruled and sentence pronounced. The sentence in the record in this cause states: "Back time allowed: Sentence to begin 1–28–72." Appellant moves this Court to reform the judgment of the trial court and allow him the back time to April 19, 1970, or alternatively to September 4, 1970.

Article 42.03, V.A.C.C.P., at the time of appellant's trial and sentencing gave the trial judge complete discretion in granting credit on a sentence for time spent in jail prior to sentencing.[3] Therefore, appellant is not constitutionally entitled to credit for his jail time[4] between the date of his arrest (April 19, 1970) and the date of sentencing (January 28, 1972). See Ex Parte Freeman, 486 S.W.2d 556 (Tex.Cr.App.1972); Vessels v. State, 467 S.W.2d 259 (Tex.Cr.App.1971); Gremillion v. Henderson, 425 F.2d 1293 (5th Cir. 1970). In view of the apparent conflict as to whether appellant's back time is to be allowed, as evidenced by the sentence in this cause, we shall assume that upon receipt of the mandate of this Court the trial court will make the ruling clear. See Bennett v. State, 450 S.W.2d 652 (Tex.Cr.App.1970); Art. 42.03, supra.

Finding no reversible error, the judgment is affirmed.

---

1. The record does not reflect that appellant was ever properly sentenced after his first trial. The docket sheet indicates he was sentenced on the day of trial, but nowhere does it appear appellant waived his ten days.

2. It is this conviction which is now before us on appeal.

3. Art. 42.03, supra, as now amended, effective August 27, 1973, provides in part: "Sec. 2. In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court."

4. This is assuming appellant was in jail, as the record before us does not reflect whether he was in jail between the time he was arrested and tried.