**Charles HARRELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48781.

Court of Criminal Appeals of Texas.

July 24, 1974.

Percy Foreman & Dick DeGuerin, Houston, for appellant.

Oscar McInnis, Dist. Atty. and Thomas P. Berry, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Conviction is for murder with malice; the punishment, fifteen years.

The only relief appellant requests is that this Court enter an order that the appellant be given credit for time appellant spent in jail from the date an indictment was served upon him until the date of sentence, being some five years from December 9, 1968, to September 5, 1973.

Prior to a 1973 amendment to Article 42.03, Vernon's Ann.C.C.P., a trial court was given discretion as to whether a convicted person was given credit for the time spent in jail awaiting trial. Article 42.03, V.A.C.C.P., effective August 27, 1973, now provides in part as follows:

"Sec. 2 In all criminal cases the judge of the court in which the defendant was convicted *shall* give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court." (Emphasis supplied)

The trial in this case was completed both on the guilt and punishment phase prior to the effective date of this amendment. The sentence of the court was passed after the effective date of the amendment.

We construe the above amendment to be applicable to all cases in which sentence took place after the effective date thereof.

In the case at bar the record reflects that the trial court made its final decision denying jail credit at the time of sentencing.[1] This decision of the trial court was made after the effective date of the amendment, and therefore the amendment controls.

In Curlin v. State, 505 S.W.2d 889, we held that the appellant was not entitled to jail credit as a matter of right because appellant's trial *and sentence* had taken place prior to the effective date of the amendment. In *Curlin*, we used the following language:

"Article 42.03, V.A.C.C.P., at the time of appellant's trial *and sentencing* gave the

1. The trial court indicated he wanted this Court to determine whether appellant was entitled to jail credit.

trial judge complete discretion in granting credit on a sentence for time spent in jail prior to sentencing." (Emphasis added.)

See also Jones v. State, Tex.Cr.App., 501 S.W.2d 677.

It is apparent from the above language that a different case would have been presented if sentencing had taken place after the effective date of the amendment. The amendment is applicable to all cases where sentencing occurs after the effective date of the amendment.

The record reflects that appellant was arrested under a capias in this case on December 9, 1968, and has been confined since that date.

The sentence is hereby reformed giving jail credit from December 9, 1968, to September 5, 1973, the date of sentencing,[2] and, as reformed, the judgment is affirmed.

2. We assume that the proper authorities under Art. 42.03, Sec. 2, and Art. 42.09, Sec. 6, V.A.C.C.P., will grant appellant credit for the time served in custody from the date of senence.