**Ex parte Arturo T. ESQUIVEL.**

**No. 51047.**

Court of Criminal Appeals of Texas.

Jan. 7, 1976.

Stanley G. Schneider, Huntsville, El Idar, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Stephen P. Allison and Susan Spruce, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

This is a post conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner was convicted of murder with malice and assessed a term of life imprisonment. He was also convicted of robbery by assault and received a five year sentence. Petitioner's writ of habeas corpus alleges he was denied due process of law and subjected to multiple punishments by being denied certain time credits toward parole eligibility [1] of the life sentence.

The factual circumstances involved in petitioner's allegations are as follows:

(1) On February 16, 1960, petitioner was convicted on his plea of not guilty to the jury to the offense of robbery by assault in Cause No. S–58548 and assessed punishment of five years.

(2) On March 21, 1960, petitioner was convicted of the offense of murder, after his plea of not guilty to a jury, in Cause No. S–58519, and assessed a life term of imprisonment.

(3) On May 3, 1960, petitioner was sentenced in both of the above-mentioned cause numbers and given five-year and life terms, respectively, with no notice of

appeal being given in the robbery case but with a direct appeal perfected in the murder case.

(4) On May 4, 1960, petitioner was transferred to the Texas Department of Corrections to begin serving his five-year sentence for robbery during the pendency of his appeal in the murder conviction.

(5) On November 9, 1960, this Court, in our appeal # 32,451, affirmed petitioner's conviction in a per curiam opinion. The mandate of this Court in that case was issued on November 25, 1960, commanding Criminal District Court No. 2 of Bexar County to execute the judgment and sentence in trial court Cause No. S–58519. *However, due to some clerical error on the part of the district clerk's office in Bexar County, the mandate of this Court was never filed with the district court, and as a result, the Texas Department of Corrections was never notified of the existence of petitioner's life sentence.*

(6) Petitioner remained in the Texas Department of Corrections until April 14, 1963, at which time he discharged his five-year robbery sentence.

(7) Over the next few years, petitioner was convicted of two other felony offenses, serving time in the Texas Department of Corrections, and discharging these sentences on two occasions.[2]

(8) The clerical error which resulted in the Texas Department of Corrections not being aware of the existence of the life sentence assessed in Cause No. S–58519 was not discovered until apparently 1973, with the mandate not being filed with

1. Since a "life" sentence can never be discharged, the only necessity for computing time credits toward this life sentence would be to determine possible parole eligibility.

2. The records reflect that petitioner was convicted in Cause No. 64262 of the offense of burglary and assessed a five-year term of imprisonment, said sentence beginning on January 5, 1965. He discharged this sentence on January 2, 1968.

On April 3, 1969, petitioner was sentenced in Cause No. 68–763 to a six-year sentence for theft, and discharged this term of imprisonment on July 18, 1972.

Additionally, petitioner was convicted a fifth time and assessed a seven-year term of imprisonment on April 5, 1973, in Cause No. 73–CR–252 for the offense of burglary. The petitioner is still under confinement in the Texas Department of Corrections on this seven-year sentence.

the Bexar County District Clerk's Office until April 3, 1973. As a result of this late filing of this mandate, petitioner's sentence in Cause No. S–58519 did not begin until February 21, 1973.

Petitioner argues he has been denied many years of time credit toward parole eligibility of the life sentence because of the clerical error in failure to notify the Texas Department of Corrections of the existence of the life sentence. Petitioner asks for a complete cancellation and nullification of the life sentence, relying on *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967) and *Clifton v. Beto*, 411 F.2d 1226 (5th Cir. 1969).

■ The trial court found, based upon stipulations between the State and petitioner, that petitioner had no knowledge that the life sentence was still an effective conviction until the clerical error was finally discovered, and that petitioner was not at fault in his premature release from the Texas Department of Corrections. The trial court further found that petitioner's sentence in Cause No. S–58519, the conviction for murder, should begin as of November 24, 1959, the date of petitioner's original confinement.[3]

■ The record shows a clerical error in the Bexar County District Clerk's Office effectively caused the officials of the Texas Department of Corrections to release petitioner from that institution on three separate occasions, without any of the parties concerned having knowledge of the valid

and existing life sentence outstanding against petitioner. Under these circumstances, *Ex parte Downey*, Tex.Cr.App., 471 S.W.2d 576, is controlling. When the terms of imprisonment run concurrently, as in the case at bar, sentence shall begin to run on the same day sentence is pronounced, and, absent an escape, a violation of parole or some fault on the part of the prisoner, said sentence must be continuous and the prisoner cannot be required to serve his sentence in installments. See *Ex parte Reynolds*, Tex.Cr.App., 462 S.W.2d 605; *Ex parte Lawson*, 98 Tex.Cr.R. 544, 266 S.W. 1101; *White v. Pearlman*, 42 F.2d 788 (10th Cir. 1930); *Ex parte Morgan*, 159 Tex.Cr.R. 241, 262 S.W.2d 728; *Ex parte Griffin*, 158 Tex.Cr.R. 570, 258 S.W.2d 324. We hold petitioner is entitled to "flat time" credit toward his parole eligibility of the life sentence in Cause No. S–58519, as of May 3, 1960, the date of formal sentencing in that case.[4]

In addition, petitioner has earned certain "good time" credit during his previous commitments in the Texas Department of Corrections pursuant to Art. 6184*l*, V.A.C.S. Although he was erroneously discharged from the Texas Department of Corrections on several occasions, we hold petitioner is nevertheless entitled to all "good time" credits accumulated during his prior commitments in the Texas Department of Corrections just as if he had been continuously serving the life sentence.[5] See *North Caro-*

---

**3.** The trial court's granting additional back jail time credit to November 24, 1959, cannot be sustained, at least under the record before this Court, inasmuch as none of the records reflect that the trial court originally intended to grant petitioner pre-sentence jail time credit. Without some indication that the trial court originally intended petitioner to have pre-sentence jail time credit, the trial court is without authority to grant such credit at this time. See *Ex parte Washburn*, Tex.Cr.App., 459 S.W.2d 637; *Vessels v. State*, Tex.Cr.App., 467 S.W.2d 259.

**4.** The statutory scheme in effect at the time of petitioner's initial confinement provided that, in cases in which a direct appeal was taken, sentence began to run the date the mandate issued from the Court of Criminal

Appeals, with discretion in the trial judge to grant credit for time in jail pending appeal. This statutory scheme has been held deficient, and petitioner is constitutionally entitled to credit for jail time pending appeal. *Robinson v. Beto*, 426 F.2d 797 (5th Cir. 1970); *Ex parte Freeman*, Tex.Cr.App., 486 S.W.2d 556.

**5.** The holding in this case is not in conflict with our holding in *Ex parte Francis*, Tex.Cr.App., 510 S.W.2d 345. In *Francis* the petitioner was convicted, sentenced and released on bond pending the outcome of his direct appeal. Due to a clerical error, petitioner was never notified as to the disposition of the appeal until many years later and he was then arrested and required to serve

lina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, at footnote 13 (1969); *Ex parte Bennett*, Tex.Cr.App., 508 S.W.2d 646; *Ex parte Enriquez*, Tex.Cr.App., 490 S.W.2d 546.

For the reasons stated, petitioner's writ of habeas corpus has merit, and we hold that the Texas Department of Corrections should make a correction of petitioner's records to reflect that the life sentence assessed in Cause No. S–58519 should begin as of May 3, 1960, with petitioner being given all "flat time" credit from that day forward; and that further, petitioner be additionally credited with any "good time" credit that he has accumulated since May 3, 1960, in the Texas Department of Corrections toward his parole eligibility date in the life sentence assessed in Cause No. S–58519. However, petitioner's request that the life sentence be vacated and set aside is denied, as petitioner has been granted all the relief to which he is entitled.

It is so ordered, and copies of this opinion shall be sent to the Texas Department of Corrections.

the remainder of his sentence. Francis was never required to serve any portion of his

sentence until after the completion of the appellate process.