**Ex parte Daniel E. IGLEHART.**

**No. 51761.**

Court of Criminal Appeals of Texas.

April 7, 1976.

O. W. Sternberg, W. V. Dunnam, Jr., Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Lynn W. Malone, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner's primary contention in this application for writ of habeas corpus concerns a claim that he was denied "time credits" toward the discharge of his Texas sentence while he was incarcerated in Leavenworth Federal Penitentiary.[1] The factual circum-

stances involved in petitioner's claim are as follows:

(1) On June 27, 1968, petitioner was convicted in the U.S. District Court for the Western District of Texas in Cause No. CR–68–15–W, of the offense of forging a government check, with his punishment being assessed at eight (8) years in confinement.

(2) On July 12, 1968, appellant was convicted in the 54th District Court of McLennan County for the offense of burglary, and assessed a twelve (12) year term of confinement, such sentence to run concurrent with his federal penitentiary time.

(3) Petitioner did not appeal either of these convictions, and was immediately transferred to the U.S. Penitentiary in Leavenworth, Kansas. The McLennan County Sheriff's Office immediately placed a detainer on petitioner in order that he be held on this burglary commitment.

(4) Apparently, even though the records are not perfectly clear, petitioner was granted a federal parole on March 2, 1971, in which he was to be released to the "Texas detainer only". However, for some reason, the records reflect that he was returned to the federal penitentiary after "Texas refused to come after" petitioner. The records further indicate that the detainer was reinstated on March 26, 1971, but petitioner's federal parole to the Texas detainer was apparently not reinstated.

(5) On January 4, 1972, the Bureau of Prisons notified the McLennan County Sheriff's Office that petitioner would be paroled on his federal sentence on February 9, 1972.

(6) On January 28, 1972, the Honorable Martin D. Eichelberger, District Attorney of McLennan County, initiated a request for extradition from the Governor of the State of Texas, which request was granted, and on

---

1. Petitioner has raised other contentions in this writ of habeas corpus which we have already determined are clearly without merit, and shall not be considered in this opinion.

February 2, 1972, the Honorable Preston Smith, Governor of the State of Texas, authorized extradition and these papers were forwarded to the Governor of Kansas.

(7) The petitioner was apparently released on federal parole on February 2, 1972, and according to petitioner's own pleadings made bond pending an extradition hearing.

The records do not reflect the disposition of the Texas request for extradition, but it is apparent that petitioner was released from custody, as the records reflect that petitioner was not again incarcerated until April 30, 1975 when he was arrested in San Antonio, Texas.

 Petitioner's application contends that he is entitled to "flat time" credit toward the discharge of his Texas sentence continuously from July 12, 1968 until the present date, including the time that he was free from incarceration (February 9, 1972 until April 30, 1975).[2]

Petitioner apparently complains that he should be entitled to credit for time spent even while he was out of custody because of the actions of the State of Texas in withdrawing, and then reinstating, their detainer in 1971. As we understand petitioner's argument, the fact that Texas did not take custody of petitioner in 1971 constitutes an estoppel of the State of its right to deny him these time credits while he was free from custody. Petitioner relies on *Ex parte Esquivel*, 531 S.W.2d 339 (Tex.Cr.App.1976). See also *Shields v. Beto*, 370 F.2d 1003 (5th Cir. 1967).

The trial court conducted an evidentiary hearing on this issue, during which he considered only documentary evidence from the files of the trial court, the District Attorney's Office and the U.S. Board of Prisons. Petitioner stated he did not wish to testify at the evidentiary hearing. The trial court entered findings of fact and conclusions of law recommending that petitioner be granted time credit while incarcerated in the U.S. Penitentiary at Leavenworth, Kansas (from July 12, 1968 until February 9, 1972), and also recommends that petitioner's sentence recommence as of the date of his rearrest on April 30, 1975. However, the trial court specifically recommends that the petitioner not be given credit for any time while he was free from custody after his federal parole.

 Initially, we are in agreement with the trial court that petitioner is entitled to "flat time" credit toward the discharge of his Texas sentence for the time spent in the federal penitentiary at Leavenworth. It is well settled that where a court does not order that two or more sentences in different prosecutions shall be cumulative, then the terms of imprisonment run concurrently, and the sentence begins to run on the same day that it is pronounced, if the petitioner is in custody. See Art. 42.09, V.A.C.C.P.; *Ex parte Reynolds*, 462 S.W.2d 605 (Tex.Cr.App.1970); *Ex part Brown*, 477 S.W.2d 552 (Tex.Cr.App.1972); *Ex parte Lawson*, 98 Tex.Cr.R. 544, 266 S.W. 1101 (1924); *Ex parte Spears*, 154 Tex.Cr.R. 112, 235 S.W.2d 917 (1950). We also agree with the trial court's finding that petitioner is entitled to further flat time credit toward the discharge of his Texas sentence beginning as of April 30, 1975, the date that petitioner was rearrested, under the capias from McLennan County.

With reference to petitioner's claim that he is entitled to credit for the time he was free from custody after he was paroled

---

2. Petitioner's application for writ of habeas corpus does not make any claim that he is entitled to "good time" credit on his Texas sentence for the time spent in the federal penitentiary. See Art. 6184*l*, V.A.C.S.

Had such a claim been made, it would have been without merit, since petitioner was sentenced long prior to the amendment to Art. 42.03, V.A.C.C.P., which went into effect on August 27, 1973. See *Curlin v. State*, 505 S.W.2d 889 (Tex.Cr.App.1974). Compare *Harrelson v. State*, 511 S.W.2d 957 (Tex.Cr.App. 1974). Therefore, since no direct appeal was taken, petitioner is not entitled to good time credit for any time spent in the federal penitentiary. See *Holtzinger v. Estelle*, 488 F.2d 517 (5th Cir. 1974). Compare also *Pruett v. Texas*, 470 F.2d 1182 (5th Cir. 1973), affirmed in 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973).

from the federal penitentiary, we note that this Court has recently held that once a petitioner's sentence has begun to run such sentence must be continuous and the prisoner cannot be required to serve his sentence in installments, absent an escape, a violation of parole or *some fault on the part of the prisoner.* See *Ex parte Downey,* 471 S.W.2d 576 (Tex.Cr.App.1971); *Ex parte Esquivel,* supra. Therefore, the question presented in this case is whether or not the petitioner can make a good faith claim that his release from federal custody on February 9, 1972, was "without his own fault."

██ Petitioner's application for writ of habeas corpus in this case affirmatively states that after his release from the federal penitentiary he did not waive extradition to the State of Texas, but rather, made bond and apparently contested his extradition. The records before this Court reflect that while the state may once have erroneously dismissed its detainer, said detainer was almost immediately reinstated and remained in effect until petitioner's parole. The records further reflect that the state diligently sought extradition of petitioner when notified of his pending parole, and that the Governor of Texas had authorized extradition prior to petitioner's release. Even though the records do not show why the extradition process was never completed, it is clear that the District Attorney's Office in McLennan County made a proper and timely request to obtain custody of the petitioner. The State of Texas is not "estopped" from asserting its right to deny petitioner the claimed time credits while he was on bond and free from custody under the facts of this case.

██ Under these circumstances, since petitioner thwarted the prompt and diligent request for extradition, and since petitioner acknowledged the Texas demand for his custody, we hold that petitioner has not sustained his burden of proof to show that he was blameless in receiving his eventual improper release. See *Ex parte Francis,* 510 S.W.2d 345 (Tex.Cr.App.1974); *Ex parte Esquivel,* supra; *Ex parte Spears,* supra.

For the above-mentioned reasons, we hold that petitioner is entitled to flat time credit from July 12, 1968 to February 9, 1972, and that he is further entitled to flat time and any good time credit that the law allows after April 30, 1975. See *Ex parte Enriquez,* 490 S.W.2d 546 (Tex.Cr.App. 1973); *Ex parte Bennett,* 508 S.W.2d 646 (Tex.Cr.App.1974). However, petitioner is not entitled to any credits for time while out of custody after his federal parole release.

It is so ordered, and a copy of this opinion will be transmitted to the Texas Department of Corrections.

Opinion approved by the Court.