Ex parte Stanley Homer BATES.

No. 52529.

Court of Criminal Appeals of Texas.

July 19, 1976.

Howard B. Law, Dallas, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P., in which the petitioner advances the claim that he was denied certain "time credits" toward the discharge of a five-year sentence assessed in Cause No. C72–8305–MN out of the 195th District Court of Dallas County. The trial court's findings of facts and conclusions of law reflect the following chronological order of events, to-wit:

1. Petitioner was convicted of burglary in Cause No. F–2843–KI in Criminal District Court No. 2 of Dallas County, Texas, on December 12, 1967, and assessed a ten-year term of imprisonment. Petitioner paroled this sentence and was released from custody on May 18, 1971.

2. Petitioner was charged with the offense of driving while intoxicated on September 4, 1972, and subsequently indicted in Cause No. C72–8305–MN by the Dallas County Grand Jury. Petitioner was released on bond pending trial.

3. Petitioner was convicted of the offense of driving while intoxicated, subsequent offense, on February 14, 1973. On March 26, 1973, Petitioner was formally sentenced, and remained out on bail pending appeal bond.

4. On July 11, 1973, Petitioner was arrested as a parole violator and confined in the Dallas County Jail pending parole revocation proceedings with reference to the ten-year conviction in Cause No. F–2843–KI. Parole was finally revoked on August 3, 1973, and Petitioner remained in the Dallas County Jail until January 24, 1974.

5. On January 24, 1974, Petitioner was returned to the Texas Department of Corrections as a parole violator with reference to the previous burglary conviction.

6. Contemporaneous with Petitioner's parole revocation proceeding and recommitment to the Texas Department of Corrections, his appeal with reference to the DWI conviction in Cause No. C72–8305–MN was continuing.

That conviction was finally affirmed by this Court, and the mandate issued on March 29, 1974 in a per curiam opinion. Thereafter, a capias was issued for Petitioner's arrest upon the mandate.

7. APPARENTLY, HOWEVER, NONE OF THE TRIAL OFFICIALS IN DALLAS COUNTY PROPERLY FILED A DETAINER WITH THE TEXAS DEPARTMENT OF CORRECTIONS BASED UPON THE DWI APPEAL MANDATE, AND AS A RESULT, THE TEXAS DEPARTMENT HAD NO KNOWLEDGE THAT PETITIONER HAD A SUBSEQUENT FINAL CONVICTION PENDING.

8. Petitioner discharged the previous ten-year burglary sentence from the Texas Department of Corrections on April 29, 1975, and was released from custody.

9. Petitioner remained out of custody from April 29, 1975, until February 3, 1976, at which time Petitioner was arrested based upon the capias which had issued upon this Court's mandate affirming the previous five-year sentence for driving while intoxicated, subsequent offender. Petitioner has been in custody since this date, and the Texas Department of Corrections records reflect that Petitioner's five-year sentence begins as of February 3, 1976.

Petitioner alleges that the Dallas County trial officials' clerical error in failing to notify the Texas Department of Corrections of the five-year DWI commitment resulted in the loss of substantial time credits toward the discharge of this sentence. The trial court, after reviewing the trial and jail records of Petitioner's commitment, issued findings of fact and conclusions of law rec-

ommending that the relief Petitioner seeks be granted.

■ This Court has recently had occasion to review several cases in which inmates claim that clerical errors submitted by trial officials have prevented them from obtaining full credit toward the discharge of their sentences. See *Ex parte Downey,* 471 S.W.2d 576 (Tex.Cr.App.1972); *Ex parte Esquivel,* 531 S.W.2d 339 (Tex.Cr.App.1976); *Ex parte Iglehart,* 535 S.W.2d 185 (Tex.Cr. App. opinion delivered April 7, 1976). These cases set out the general rule that where a court does not order that two or more sentences in different prosecutions shall be cumulative, then the terms of imprisonment run concurrently, and the sentence begins to run on the date that it is pronounced, if the Petitioner is in custody. See also Art. 42.09, V.A.C.C.P.

■ From the record before this Court, it appears that Petitioner has been denied certain time credits toward the discharge of this sentence during various phases of the prosecution process, and in order to facilitate disposition of this case, each phase of Petitioner's case must be reviewed separately to determine the exact amount of credit to which he is entitled, to-wit:

1. PRE-TRIAL JAIL TIME CREDIT— The trial court has found that Petitioner should have been credited for time spent in jail prior to his trial. Based upon the trial court's findings, and the records before this Court, Petitioner is entitled to jail time credit from September 4, 1972, until September 11, 1972, and from February 14, 1973, until February 16, 1973, dates that he was incarcerated prior to making his bonds.[1]

2. TIME OUT OF JAIL ON APPEAL BOND—The records reflect that Petitioner was released on appeal bond on February 16, 1973, and remained out of custody on this bond until July 11, 1973, at which time he was arrested upon a parole violation warrant. Petitioner is not entitled to any credit for time spent out of custody on the appeal bond. See *Shaw v. State,* [539] S.W.2d [887] (Tex.Cr.App., No. 51,701, opinion delivered February 11, 1976); *Ex parte Francis,* 510 S.W.2d 345 (Tex.Cr.App.1974).

3. PETITIONER'S COMMITMENT UPON PAROLE VIOLATION WARRANT—The records reflect that Petitioner was arrested on July 11, 1973, upon a parole violation warrant based upon his previous burglary conviction. The trial court has recommended that the Petitioner's sentence on the DWI conviction re-commence as of this date, and that Petitioner be given credit for this time spent in jail pending his appeal. Since the trial court was given the primary authority to award the credits for time spent in jail, we accept the trial court's determination that Petitioner's sentence in the DWI case re-commenced as of July 11, 1973. See *Ex parte Griffith,* 457 S.W.2d 60 (Tex.Cr.App.1970); *Curlin v. State,* supra; Art. 42.03, V.A.C.C.P. Compare *Shaw v. State,* supra.

4. "GOOD TIME" CREDIT WHILE IN DALLAS COUNTY JAIL PENDING PAROLE REVOCATION—The records reflect that Petitioner was in custody in the Dallas County jail from July 11, 1973, until January 24, 1974, pending the parole revocation

---

1. Since Petitioner was formally sentenced *prior to* August 27, 1973, the date of the enactment of Art. 42.03, Sec. 4, V.A.C.C.P., Petitioner is not entitled to *mandatory* credit for time spent in jail prior to trial. Cf. *Harrelson,* 511 S.W.2d 957 (Tex.Cr.App.1974). Under the law in effect at the time of Petitioner's sentencing, the trial court should have noted any pre-trial credits received within the sentence. See *Ex parte Vessells [Vessels],* 467 S.W.2d 259 (Tex.Cr.

App.1971); *Ex parte Washburn,* 459 S.W.2d 637 (Tex.Cr.App.1970). However, since the trial court found that Petitioner would have been granted pre-trial jail time credit had he been in custody at the time of his procedural re-sentence after this Court's mandate, we hold that the trial court is authorized to grant this credit at this time. See *Curlin v. State,* 505 S.W.2d 889 (Tex.Cr.App.1974).

proceedings previously mentioned. In view of our acceptance of the trial court's findings that Petitioner's DWI sentence was to re-commence on July 11, 1973, and that he be given flat time, or calendar time, credit toward discharge of this DWI conviction, we are also in agreement with trial court that Petitioner should be given any "good time" credits earned while in the Dallas County jail pending the appeal of this conviction. See *Pruett v. Texas,* 470 F.2d 1182 (5th Cir. 1973) affirmed in 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973). See also Art. 6184(1) V.A.C.S.

5. TIME CREDITS FOR PERIOD SPENT IN THE TEXAS DEPART-MENT OF CORRECTIONS—The trial court found that Petitioner spent from January 24, 1974 until April 29, 1975 in the Texas Department of Corrections, and that therefore, Petitioner should be given credit for any flat time and "good time" credits received during this period toward the discharge of the DWI sentence. We concur in this finding. See *Ex parte Enriquez,* 490 S.W.2d 546 (Tex.Cr. App.1973); *Ex parte Bennett,* 508 S.W.2d 646 (Tex.Cr.App.1974); *Ex parte Esquivel,* supra.

6. TIME SPENT OUT OF CUSTODY AFTER PETITIONER'S DIS-CHARGE AND ERRONEOUS RE-LEASE FROM THE TEXAS DE-PARTMENT OF CORRECTIONS—The records reflect that Petitioner discharged his previous burglary conviction on April 29, 1975, and was erroneously released from custody since the Dallas County trial officials had failed to inform the Texas Department of Corrections of the pending DWI commitment. The records further reflect that Petitioner was out of custody until February 3, 1976, the date that he was re-arrested on the capias issuing from this Court's mandate of affirmance.

The trial court has made specific findings that the improper release of Petitioner was not Petitioner's fault, but due solely to a clerical error committed by Dallas County trial officials. Under these circumstances, Petitioner is entitled to flat time credit, but not good time credit, for time spent out of custody as a result of the erroneous release. See *Ex parte Downey,* supra; *Ex parte Esquivel,* supra; *Ex parte Iglehart,* supra, and cases cited therein.

7. TIME CREDITS AFTER PETI-TIONER'S RE–ARREST UPON CA-PIAS AFTER MANDATE—The trial court has found that Petitioner was re-arrested upon the capias after mandate on February 3, 1976, and that he has been in continuous custody in the Dallas County jail and the Texas Department of Corrections since that date.

The law being well settled that Petitioner cannot be compelled to serve his sentence in installments, Petitioner is therefore entitled to all flat time and good time credits earned toward the discharge of this sentence since February 3, 1976. See *Ex parte Esquivel,* supra; *Ex parte Iglehart,* supra, and cases cited therein.

For the above-mentioned reasons, Petitioner's application for writ of habeas corpus is granted in part, and a copy of this opinion shall be directed to the Texas Department of Corrections for the purpose of correcting Petitioner's records consistent with the holding herein.

IT IS SO ORDERED.

Opinion approved by the Court.