**Ex parte Floyd R. YATES.**

**No. 69200.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 16, 1983.

---

Floyd R. Yates, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is a post conviction habeas corpus application filed pursuant to Art. 11.07, V.A.C.C.P.

On March 19, 1974 applicant pled guilty to the felony offense of possession of heroin. On September 9, 1974 applicant was sentenced to five years confinement. Execution of this sentence was stayed on September 13, 1974 when applicant gave notice of appeal. On March 28, 1983 the trial court received, filed and entered the mandate affirming applicant's conviction. On April 11, 1983 applicant was committed to the Texas Department of Corrections to serve that sentence.

Applicant contends that his confinement is illegal because it resulted from a resentencing under an ex post facto law.

Applicant was not "resentenced." The execution of his sentence was stayed pending his appeal. Once the mandate issued affirming his conviction, applicant then simply began, when he was committed to the Texas Department of Corrections, serving his sentence that had been stayed. This does not amount to a resentencing.

Applicant also contends that he was "resentenced" under an ex post facto law, namely Art. 42.12, V.A.C.C.P., the Adult Probation, Parole, and Mandatory Supervision Law. Specifically applicant contends that the mandatory supervision portion of Art. 42.12 is an ex post facto law as applied to him. The Adult Probation, Parole, and Mandatory Supervision Law as amended in 1977 does not apply to applicant.

Section 7 of Acts 1977, 65th Leg., p. 934, ch. 347, provided:

"This Act applies only to inmates sentenced to the Texas Department of Corrections for an offense committed on or after the effective date of this Act. Inmates sentenced for an offense committed prior to the effective date of this Act are governed by the law existing before the effective date, which is continued in effect for this purpose. For the purpose of this Act, an offense is committed on or after the effective date if any element of the offense occurs on or after the effective date."

Applicant should be serving his sentence under the guidelines of the Adult Probation and Parole law in effect at the time of the offense. There is no evidence that he is not being held under the provisions of the prior law. The relief requested is denied.

TEAGUE, Judge, dissenting.

One of the problems that I have with the majority opinion is that it totally and completely fails to grasp what Floyd R. Yates, applicant, has urged in his application for writ of habeas corpus.

What the majority has foremost overlooked in its disposition of applicant's cause is the principle of law that governs the construction of an inmate's pro se application for writ of habeas corpus. That principle of law states that, when it comes to a court of law construing an inmate's pro se application for writ of habeas corpus, the habeas corpus petition should be construed as liberally as possible. For some of the cases decided by the Supreme Court on this point, see Ronald P. Sokol's *Federal Habeas Corpus*, at page 102, footnote 289.

A liberal reading of applicant's petition reveals, inter alia, that on March 19, 1974, in Bexar County, applicant entered a plea of guilty to the offense of possession of heroin. On September 9, 1974, he was sentenced to serve not more than five (5) years in the penitentiary, with the sentence to commence on *April 16, 1973*. On September 13, 1974, he gave notice of appeal to this Court. On the same day, he was "bench warranted" to Tarrant County, where he apparently sustained another felony conviction, after which he was transferred to the Texas Department of Corrections. He was released from the penitentiary on August 8, 1975. It appears that the officials of the Texas Department of Corrections were at all times unaware of the Bexar County conviction and sentence.

The record further reflects that on *April 11, 1983*, applicant was sent back to the Texas Department of Corrections, apparently because of the Bexar County conviction and sentence.

The official records of the San Antonio Court of Appeals, see *Yates v. State*, Cause Number 04–83, reflect that the appellate record of the appeal from Bexar County was approved by the trial court on *January 2, 1975*. However, the record of appeal was not filed in the Court of Appeals until *January 13, 1983*; over eight (8) years later. I must pause to make an admission to the reader. I have been unable to find out why it took over eight (8) years for a record of appeal, which would encompass only a plea of guilty proceedings, to be filed in an appellate court.

Nevertheless, even though it took over eight (8) years for the record of appeal to be filed in the San Antonio Court of Appeals, it only took that court less than 90 days to dispose of the case. On March 28, 1983, the San Antonio Court of Appeals affirmed applicant's conviction, and subsequently issued its mandate. Thereafter, on April 11, 1983, applicant was returned to the Texas Department of Corrections, *to commence serving the Bexar County sentence he had previously sustained in 1974.* The trial court's "History of the Case," which is contained in the record of this cause, clearly reflects that on September 13, 1974, when applicant was sentenced on the Bexar County conviction, his sentence commenced on April 16, 1973, presumably because he had been incarcerated since that date.

What, I am sure, was a shock to appellant was when he was arrested in early 1983. I am also convinced that when the District Clerk of Bexar County learned that absolutely nothing had been done on applicant's appeal for over eight (8) years, he was just as shocked as applicant had been.

What I believe has confused everyone, and actually thrown everyone off the track as to what applicant is contending, is a document in the record which was signed by the "Judge Presiding" of the convicting court. This document purports to stay execution of the Bexar County sentence until the mandate of this Court shall issue. Under the circumstances of this case, and the law, that document has absolutely no legal meaning.

It is axiomatic under Texas law that once the defendant's sentence has been imposed he is not required to serve his sentence in installments. Thus, an inmate who should not have been but was released from confinement is entitled to credit on a sentence for the time he was at liberty. A sentence must be continuous and an inmate cannot be required to serve his sentence in installments, unless it is shown that a premature or unlawful release of the inmate resulted or occurred through some fault on the part of the inmate. See *Ex parte Morris*, 626

S.W.2d 754 (Tex.Cr.App.1982); *Ex parte Hurd,* 613 S.W.2d 742 (Tex.Cr.App.1981); *Ex parte Tarlton,* 582 S.W.2d 155 (Tex.Cr.App.1979); *Ex parte Iglehart,* 535 S.W.2d 185 (Tex.Cr.App.1976); *Ex parte Esquivel,* 531 S.W.2d 339 (Tex.Cr.App.1976); *Ex parte Downey,* 471 S.W.2d 576 (Tex.Cr.App.1971); and *Ex parte Bates,* 538 S.W.2d 790 (Tex.Cr.App.1976). There is nothing in this cause to reflect that applicant was released from the Texas Department of Corrections because of any fault on his part.

Applicant's Bexar County sentence commenced on April 16, 1973, and continued from that date forward. Thus, applicant has long since served the five (5) year sentence he sustained in Bexar County on September 9, 1974. He is entitled to relief.

To the majority's action in denying applicant a hearing on his petition, I must respectfully dissent.

ODOM, CLINTON and MILLER, JJ., join.