**Ex parte Billy H. POOL.**

**No. 70906.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 15, 1989.

Steven L. Crews, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

**OPINION**

W.C. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P. Applicant pled guilty to two charges of forgery by passing. Punishment was assessed in two consecutive terms, of five years and ten years in the Texas Department of Corrections.

In the present application, applicant contends that he is being denied consideration of additional good time credits from the Department of Corrections pursuant to the Prison Management Act (hereinafter referred to as PMA), V.A.T.S., Art. 6184o. Applicant claims that the Department of Corrections is erroneously treating his two consecutive sentences as one sentence for purposes of determining his eligibility for administrative good conduct time.

The record contains two separate judgments. In Cause No. 11277 the offense was committed on November 1, 1987,[1] and punishment was assessed at 5 years commencing January 22, 1988. In Cause No. 11278 the offense was committed on November 12, 1987, the judgment specifically provides that punishment would be assessed at 10 years, stacked on the 5 years received in Cause No. 11277. The trial judge was careful to include in the judgment that the 10–year sentence would not commence until applicant had completed his 5–year sentence.

The most recent PMA applies to applicant since both offenses were committed subsequent to February 20, 1987, the enactment date for the latest amendment to the PMA.

Where a trial court orders the sentences assessed to be served consecutively the law provides that the second sentence will not

---

1. The judgment and sentence in Cause #11277 inconsistently recites the offense was committed both on November 1, *"1988"* and November 1, *"1987."* Given the docket sheets and other information in the record, it is clear that the 1988 date is a clerical error and has been treated as such.

begin until the first sentence ceases to operate. Article. 42.08(a), V.A.C.C.P. Pertinent to the instant application, Article 6184o, § 3(a)(1), V.A.C.S. provides that an inmate is entitled to bonus time, if that inmate is serving *"a sentence* of 10 years or less", said sentence being imposed after February 20, 1987. (emphasis added)

With the judgment's express language directing the sentences to be stacked, and the fact the PMA, Art. 6184o, § 3(a)(1) entitles applicant to good time credit, we are of the opinion that applicant is entitled to such consideration on the sentence he is now serving and, when said sentence ceases to operate, on the second, ten-year sentence which will begin to run at that time.

Our opinion does not entitle applicant to an automatic grant of the time credits which were denied him, nor to immediate release on parole even if the grant of additional time credits would make him eligible for parole release. The decision to grant time credits must be within the framework of the PMA and remains within the sound discretion of the Texas Board of Pardons and Paroles. *Ex Parte Ruiz*, 750 S.W.2d 217 (Tex.Crim.App.1988).

Habeas corpus relief is granted to the extent that the Department of Corrections must consider applicant for the grant of additional good time credits pursuant to the PMA.

It is so ordered. Copies of this opinion will be sent to the Texas Department of Corrections and the Texas Board of Pardons and Paroles.

TEAGUE, J., dissents.