IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,864






EX PARTE ANDREW MICHAEL MABRY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DENTON COUNTY






 Keasler, J., filed this concurring opinion.


O P I N I O N



 I agree with the Court's result but I disagree with its analysis. I therefore concur only
in the result.

I.


 In 1991, Andrew Michael Mabry was convicted of burglary of a habitation for actions
committed in 1990. He was paroled and revoked twice. Upon revocation, prison officials
declined to give him credit for the time he spent on parole. Prison officials also concluded
that Mabry's offense was not eligible for mandatory supervision. Mabry filed this writ
application arguing that he is entitled to credit for his street time and that his offense should
be designated as eligible for mandatory supervision. I agree with the Court's decision to grant
relief.

II.


 At the time that Mabry committed his burglary offense, the applicable burglary statute
stated:

 § 30.02 Burglary

 (a) A person commits an offense if, without the effective consent of the owner,
he:

 (1) enters a habitation, or a building (or any portion of a building)
not then open to the public, with intent to commit a felony or
theft; or

 (2) remains concealed, with intent to commit a felony or theft, in
a building or habitation; or

 (3) enters a building or habitation and commits or attempts to
commit a felony or theft.

* * * 


 (c) Except as provided in Subsection (d) of this section, an offense under this
section is a felony of the second degree.

 (d) An offense under this section is a felony of the first degree if:

 (1) the premises are a habitation; or

 (2) any party to the offense is armed with explosives or a deadly
weapon; or

 (3) any party to the offense injures or attempts to injure anyone
in effecting entry or while in the building or in immediate flight
from the building. (1)

Mabry's indictment alleged two possible methods of committing the burglary. The first
paragraph charged that he "did then and there intentionally, without the effective consent of
Kenneth Williams, the owner thereof, enter a habitation with intent to commit theft." The
second paragraph alleged that he "did then and there knowingly and intentionally, without the
effective consent of Kenneth Williams, the owner thereof, enter a habitation and did attempt
to commit and committed theft." So Mabry's indictment alleged offenses under subsections
(a)(1) and (a)(3) of former § 30.02. There is no allegation of weapons or injury pursuant to
subsections (d)(2) or (d)(3).

 Mabry's judgment reflects his conviction for "burg. of hab." in the "1st" degree. This
is in line with the requirements of the statute, which provided that burglary was a first degree
felony if the premises were a habitation. (2)

 At the time that Mabry committed this burglary, the statute governing an inmate's
eligibility for release to mandatory supervision was former Art. 42.18, § 8(c). (3) At that time,
that statute provided that a prisoner could not be released to mandatory supervision if he were
serving a sentence for, among other things, "a first degree felony under Section 30.02 Penal
Code (Burglary), if the offense is punished under Subsection (d)(2) or (d)(3) of that section." (4)

 While Mabry is serving a sentence for a first degree felony under § 30.02, he is not
being punished under either subsection (d)(2) or (d)(3). Therefore, under the law in effect at
the time that Mabry committed this offense, he is eligible for mandatory supervision.

 But prison officials have concluded otherwise, presumably based upon the current law
governing an inmate's eligibility for release to mandatory supervision. That statute reads in
pertinent part as follows:

 § 508.149 Inmates Ineligible for Mandatory Supervision

 (a) An inmate may not be released to mandatory supervision if the inmate is
serving a sentence for or has been previously convicted of:

* * * 


 (13) a first degree felony under Section 30.02, Penal Code. (5)


The language regarding subsections (d)(2) and (d)(3) of § 30.02 is no longer present. It was
deleted from Art. 42.18 in 1995, before that statute was repealed and replaced with § 508.149. (6) 
So since Mabry is serving a sentence for a first-degree felony under § 30.02, and § 508.149
contains no requirement that his conviction be pursuant to subsections (d)(2) or (d)(3), Mabry
would be ineligible for mandatory supervision if the current statute were applied. 

 Of course, there is no reason that the current statute should apply. We have repeatedly
held that, in determining an inmate's eligibility for mandatory supervision or parole, the
governing statute is the one that was in effect when the offense was committed. Over twenty
years ago, we denied relief to an applicant, stating that he "should be serving his sentence under
the guidelines of the Adult Probation and Parole law in effect at the time of the offense." (7) A
few years later, we granted relief to an applicant whose plea bargain was impossible to
perform. We noted that, while the prosecutor and the trial judge had given incorrect
information, the "applicant's trial attorney did not give applicant erroneous advice on parole
eligibility since it was his opinion, which was correct, that the law in effect at the time of
commission of the offense was applicable." (8) And most recently in Ex parte Hall, (9) we applied
the statute in effect at the time the applicant committed his offense rather than the one in
effect at the time he committed the offense resulting in his prior conviction. Indeed, most of
the time we just apply the law that was in effect at the time that the offense was committed
without discussion. (10)

 And even without this established line of precedent, the enabling legislation itself
specifically provides that the statutory change that deleted the reference to subsections (d)(2)
and (d)(3) of § 30.02 "applies only to a prisoner serving a sentence for an offense committed
on or after the effective date of this Act." (11) 

III.


 So in light of our caselaw and the relevant legislation, the statute that should apply is
the one in effect when Mabry's burglary was committed. Nevertheless, there is a distinctive
issue in this case that must be addressed. Section 508.149 states that an inmate may not be
released to mandatory supervision "if the inmate is serving a sentence for or has been
previously convicted of" any of the enumerated offenses, including first-degree burglary under
§ 30.02. (12)

 Mabry concedes that, "at a glance," this language might indicate that a person like him,
who was previously convicted of first-degree burglary, is ineligible for mandatory supervision. 
Nevertheless, Mabry argues that this cannot be true in light of the legislation which
specifically makes the relevant statutory amendment applicable only to offenses committed
after its effective date. I agree with Mabry, both because of the enabling legislation and
because there is another, more reasonable, interpretation of the language in § 508.149.

 Why does § 508.149 refer to previous convictions? The answer becomes clear when
considering the fact that many inmates, unlike Mabry, have multiple convictions. When an
inmate has multiple convictions, he will have one conviction which governs his release date, 
either because it is the most recent, contains the longest sentence, or has the least amount of
time credits. It is the conviction that will keep the prisoner in custody for the greatest amount
of time. A prisoner's governing or "holding" conviction could be for an offense committed
after 1997, but he might also have a previous conviction for first-degree burglary. In that
instance, the Legislature sought to make clear that § 508.149 would apply to him, because the
holding conviction is for an offense that was committed after the statute's effective date. Even
if that holding conviction were not on the list of enumerated offenses, the prisoner would still
be ineligible for mandatory supervision if he had previously been convicted of an offense on
the list. 

 So while the language seems confusing when applied to a case like Mabry's, it makes
good sense when considering an inmate with multiple convictions. As we recognized in Hall,
the law that applies is the one in effect at the time the prisoner committed his holding offense,
not his prior conviction(s). Since Mabry has only one conviction, he falls only within the first
phrase of § 508.149 - the "is serving a sentence for" language. This is because his only
conviction is the sentence which he is serving. The second phrase - the "has been previously
convicted of" language - does not apply to Mabry.

IV.


 The majority's opinion is faulty in two respects.

 First, and most importantly, the majority does not do the work that I have done here. 
This case is not so obvious as the majority makes it sound. We must acknowledge the phrase
"has previously been convicted of" in § 508.149 and explain why it does not require a different
result.

 Additionally, the majority erroneously states, "Even if we apply the current version of
the law, applicant remains eligible for mandatory supervision because his burglary conviction
was based on intent to commit theft, which is exempted." (13) I see at least three flaws with this
statement.

 First, it is dicta. The current version of the law does not apply, so we should not apply
it.

 Second, the majority appears to confuse the notion of applying the former or current
version of the mandatory supervision law with applying the former or current version of the
burglary statute. The only issue in this case is whether to apply the former or current version
of the mandatory supervision law. In no way should the current version of § 30.02 apply at all. 
Mabry was convicted under the previous version of § 30.02, not the current version. The
current version of § 30.02 is irrelevant.

 Finally, even if the current version of § 30.02 were somehow relevant, the majority
misreads that version. As best I can tell, the majority thinks that Mabry's offense would not
constitute a first-degree felony under the current statute because a conviction based on intent
to commit theft "is exempted."

 The current version of § 30.02 provides that a burglary is a first-degree felony if:

 (1) the premises are a habitation; and

 (2) any party to the offense entered the habitation with intent to commit a felony
other than felony theft or committed or attempted to commit a felony other than
felony theft. (14)


The majority implies that this language "exempts" felony theft from constituting a first-degree
burglary offense.

 Be that as it may, that is not the reason that Mabry's actions would not constitute a first-degree felony under the current statute. The reason is that Mabry's indictment alleged that, in
the course of entering the habitation, Mabry committed or attempted to commit theft - not a
felony theft or other felony. Mabry comes nowhere close to meeting the first-degree
requirements of the current burglary statute because he was charged only with entering a
habitation and attempting to commit or committing a misdemeanor.

 Nevertheless, all of this is beside the point because the current burglary statute is
irrelevant in this case. 

V.


 Mabry is eligible for mandatory supervision because the law in effect at the time that
he committed this burglary provided that he was eligible. 

 He is also entitled to credit for the time he spent on parole. Under § 508.283(c), (15) an
inmate is entitled to that credit if two conditions are met. First, the inmate must not be
described by § 508.149(a). As I already discussed, Mabry meets that requirement. The second
condition has to do with the amount of time remaining on the prisoner's sentence at the time
that the parole revocation warrant is issued. If, at that time, the individual's remaining sentence
is less than the time period from the date of his release to the date the warrant was issued, then
he receives credit for the time he spent on parole. In other words, the individual is entitled to
credit for the time spent on parole if, at the time the warrant is issued, he has already served
over half of his remaining sentence. (16)

 The record reflects that Mabry meets this requirement as well. Mabry attaches a parole
eligibility worksheet from TDCJ. It reflects that as of Mabry's most recent release to parole
(1/17/97), he had a sentence discharge date of 2/21/04. So at the time of his release, he had
almost 6 years remaining on his sentence. A parole revocation warrant was then issued against
him on 9/20/01. At that time, Mabry had already served about 4 years and 8 months on parole,
which is well over half of the 6 years that remained on his sentence. Or, in the language of the
statute, the time remaining on Mabry's sentence as of 9/20/01 was about 2 years and 5 months,
which was less than the time he spent on parole (4 years and 8 months). 

 As a result, Mabry is entitled to credit for the time spent on his most recent release to
parole.

VI.


 I concur in the Court's judgment.


DATE FILED: June 9, 2004

PUBLISH 





 
1. Former Tex. Penal Code § 30.02 (1990) (amended by Acts 1993, 73
rd Leg., ch. 900,
§ 1.01, eff. Sept. 1, 1994; Acts 1995, 74th Leg., ch. 318, § 8, eff. Sept. 1, 1995; Acts 1999, 76th
Leg., ch. 727, § 1, eff. Sept. 1, 1999).
2. Id. at § 30.02(d)(1).
3. Former Tex. Code Crim. Proc. Art. 42.18, § 8(c) (Repealed by Acts 1997, 75
th Leg.,
ch. 165, § 12.22, eff. Sept. 1, 1997).
4. Id.
5. Tex. Gov't Code § 508.149 (Vernon Supp. 2004).
6. Acts 1995, 74
th Leg., Ch. 263, §§ 1- 4 (eff. Sept. 1, 1995). 
7. Ex parte Yates, 659 S.W.2d 840, 841 (Tex. Crim. App. 1983).
8. Ex parte Trahan, 781 S.W.2d 291, 293 (Tex. Crim. App. 1989) (parenthetical
deleted). See also Ex parte Choice, 828 S.W.2d 5 (Tex. Crim. App. 1992).
9. 995 S.W.2d 151 (Tex. Crim. App. 1999).
10. See, e.g., Ex parte Roberts, 987 S.W.2d 575, 576 (Tex. Crim. App. 1999); Ex parte
Ruthart, 980 S.W.2d 469, 471 (Tex. Crim. App. 1998); Ex parte Schroeter, 958 S.W.2d 811
(Tex. Crim. App. 1997); Ex parte Hatcher, 894 S.W.2d 364, 365 and n.1 (Tex. Crim. App.
1995); Ex parte Alexander, 861 S.W.2d 921, 923 (Tex. Crim. App. 1993); Ex parte Pool, 779
S.W.2d 866 (Tex. Crim. App. 1989).
11. Acts 1995, 74
th Leg., Ch. 263, §§ 3 and 4 (eff. Sept. 1, 1995).
12. Tex. Gov't Code § 508.149 (Vernon Supp. 2004).
13. Ante, slip op. at 4.
14. Tex. Penal Code § 30.02 (Vernon 2003).
15. Tex. Gov't Code § 508.283(c) (Vernon Supp. 2004).
16. See Ex parte Spann, 2004 Tex. Crim. App. LEXIS 666 (April 21, 2004).