In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-431 CV


____________________



IN RE PATRICK CHRISTOPHER ROLLE






Original Proceeding






 MEMORANDUM OPINION 


 Patrick Christopher Rolle seeks mandamus relief to compel the trial court to rule upon
a motion requesting nunc pro tunc relief in Cause No. 83465. To obtain mandamus relief,
the relator must demonstrate that he has no other adequate legal remedy. State ex rel. Hill
v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). A
previous motion for judgment nunc pro tunc filed by Rolle raised the claim that Rolle was
entitled to credit on his sentence from the date the State filed a motion to adjudicate. The
trial court granted partial relief and added credit for forty days of presentence confinement
in a judgment nunc pro tunc signed on December 15, 2005. No appeal was taken from the
judgment nunc pro tunc. See Moore v. State, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969);
Ex parte Curry, 712 S.W.2d 878, 880 (Tex. App.-Austin 1986, no pet.) (holding appeal may
be taken from entry of judgment nunc pro tunc). Rolle then filed subsequent motions,
including the motion he alleges the trial court has refused to consider, in which he re-urged
the grounds for additional presentence credit previously raised and rejected in the judgment
nunc pro tunc signed on December 15, 2005. 

 Furthermore, to obtain mandamus relief, the relator must demonstrate that the act
sought to be compelled is purely ministerial and the relator has a clear and indisputable right
to relief. State ex rel. Hill v. Court of Appeals for the Fifth Dist., 34 S.W.3d at 927. Relator
concedes that Jefferson County failed to place a detainer on him during the period of time
for which he seeks credit. See Ex parte Alvarez, 519 S.W.2d 440, 443 (Tex. Crim. App.
1975) (A person is confined "in said cause" for purposes of Article 42.03, Texas Code of
Criminal Procedure, only if communication or hold is sent to the custodian.). Rolle argues
that he was in the constructive custody of Jefferson County because authorities here were
aware of his arrest on a case out of another county and did nothing to prevent his release. 
However, the cases upon which he relies have been overruled. See Ex parte Hale, 117
S.W.3d 866, 872 (Tex. Crim. App. 2003) (overruling Ex parte Hudson, 655 S.W.2d 206
(Tex. Crim. App. 1983); Ex parte Bates, 538 S.W.2d 790 (Tex. Crim. App. 1976); and Ex
parte Esquivel, 531 S.W.2d 339 (Tex. Crim. App. 1976)). 

 The trial court has the authority to correct the omission of presentence jail credit
through judgment nunc pro tunc. See Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim.
App. 2004). Mandamus is available to compel the trial court to respond to a nunc pro tunc
motion for presentence jail credit. Id. at 149. In this case, however, the relator has not
shown that he is entitled to the relief sought or that the motion awaited disposition for an
unreasonable length of time under the circumstances. See Ex parte Bates, 65 S.W.3d 133,
134-35 (Tex. App.-Amarillo 2001, orig. proceeding). To the contrary, in this case the trial
court promptly considered the claim for presentence credit and granted relief. The live
motion, which repeats claims similar to those raised in previous motions for presentence time
credit, has been on file only two months. The petition for writ of mandamus, filed October
2, 2006, is denied.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered October 19, 2006

Before Gaultney, Kreger, and Horton, JJ.