### Ex Parte Wharton Branch.

*No. 1308.   Decided March 24th, 1897.*

**1.   Habeas Corpus as a Remedy Against a Judgment.**

A party has no right to relief by habeas corpus from a valid judgment of a court of competent jurisdiction.

**2.   Same—Term of Imprisonment—No Reduction of Allowed When?**

A party who has been tried and convicted of a misdemeanor and sentenced to imprisonment in the county jail, and who was allowed to appeal upon bond which appeal was dismissed, and who afterwards sued out a writ of habeas corpus, pending which he was enlarged from custody on bond, has neither constructively paid his fine and costs nor served out his term of imprisonment by virtue of said enlargement; and he is entitled to no discount or reduction of his term of imprisonment on account of the time taken up and consumed by him in prosecuting his writ of habeas corpus.

APPEAL from the District Court of Liberty.   Tried below before Hon. L. B. HIGHTOWER.

Appeal from a judgment remanding appellant to custody upon a hearing under a writ of habeas corpus. ·

The case is sufficiently stated in the opinion.

No brief for relator.

*Mann Trice*, Assistant Attorney-General, for respondent.

HENDERSON, JUDGE.—Relator was tried on a writ of habeas corpus, and was remanded by the judge, and prosecutes this appeal.   Relator was heretofore convicted in the Criminal District Court of Harris County of an aggravated assault, and prosecuted an appeal, and the case was affirmed by this court.   35 Tex. Crim. Rep., 304.   Subsequently he sued out a writ of habeas corpus, on account of said judgment and his arrest thereunder on a capias pro fine, before the County Judge of

Waller County.   That judge entertained the writ, but remanded him to the custody of the sheriff of Waller County.   Appellant, however, took an appeal to this court, and pending that appeal he was allowed to execute a bond for his appearance to abide the judgment of this court. The appeal in that case was disposed of at the last term of this court. See, Ex parte Branch, 36 Tex. Crim. Rep., 384.   In that opinion we said:   "The court below ought not to have granted the writ, and we here dismiss the appeal, because the record shows him to be at large, but he is none the less subject to the jurisdiction of the Criminal District Court of Harris County, and he is amenable to the process of that court; and the clerk of this court is instructed to transmit a copy of this judgment both to the County Court of Waller County and the Criminal District Court of Harris County."   It appears that the Criminal District Court of Harris County again attempted to enforce this judgment, and relator applied for a writ of habeas corpus to the District Judge of the Ninth Judicial District, which was granted.   On an examination of the case, he was remanded to the custody of the sheriff of Harris County, from which judgment he now appeals to this court.   We have examined the application for the writ; and in our opinion, while it seems to have been adroitly drawn so as to avoid a full presentation of the cause of the detention of the relator, yet it contains enough to show that relator was endeavoring, by the writ of habeas corpus, to relieve himself from the judgment of the court of competent jurisdiction, and it occurs to us that the writ should not have been granted.   We have examined both the application and the statement of facts in connection therewith, and no cause is shown for relief of the applicant by virtue of the writ of habeas corpus.   The claim set up by him, that, on account of the habeas corpus proceeding before the County Judge and his enlargement on bond, he had constructively paid the fine and costs and served out the term of his imprisonment in the assault and battery case, is worthy of no consideration.   It is frivolous.   If this were true, should a prisoner escape and get at large, he could claim that he was serving out his term of imprisonment while at large.   Nor is the relator entitled to any discount of his term of imprisonment as adjudicated by said court on account of any time taken up or consumed by him in prosecuting this writ of habeas corpus.   There is nothing in the record to authorize any court to interfere with the enforcement of the judgment of the Criminal District Court of Harris County, and, in affirming the judgment of the lower court in remanding the applicant, the Criminal District Court of Harris County is ordered to proceed with the enforcement of its judgment in said conviction for assault and battery; and the clerk of this court is instructed to transmit a copy of this judgment both to the District Court of Liberty County and the Criminal District Court of Harris County.

*Affirmed.*