JOHN CARLETON ET AL. V. THE STATE.

No. 2442.　Decided April 22, 1903.

**Sureties—Release of.**

Where a misdemeanor judgment is affirmed on appeal, and the mandate has been issued and filed in the court below, issuance of capias pro fine, the arrest of defendant and his incarceration in jail releases his sureties on his appeal recognizance from any further liability on said recognizance.

Error from the County Court of McLennan.　Tried below before Hon. G. B. Gerald, County Judge.

Writ of error from final judgment on forfeited recognizance.

No statement required.

*J. B. Scarborough* and *T. A. Blair,* for plaintiffs in error.

*Howard Martin,* Assistant Attorney-General, for defendant in error.

DAVIDSON, PRESIDING JUDGE.—This writ of error is prosecuted from a judgment final on forfeited recognizance.　The history of the case shows that appellant Carleton was convicted in the County Court of McLennan County of a misdemeanor, and prosecuted his appeal to this court, where the judgment was affirmed.　Hill and Grant, appellants, were sureties on his recognizance on appeal to this court.　The judgment being affirmed by this court in May, 1899, mandate issued in June following.　Shortly afterward, during the month of July, capias pro fine issued from the County Court of McLennan County, under which appellant Carleton was arrested and placed in the county jail.　After being detained in said jail for some time, he was released by the sheriff.　This is a sufficient statement of the record to meet the main question presented for revision.

Article 910, Code of Criminal Procedure, provides: "In case of misdemeanor, where the judgment has been affirmed, no proceedings need be had after filing the mandate, except to forfeit the recognizance of the defendant, or to issue a capias for the defendant, or an execution against his property to enforce the judgment of the court ordering the fine or imprisonment, or both, in the same manner as if no appeal had been taken."　It will be seen that, where a judgment on appeal has been affirmed, and the mandate received in the trial court notifying that court of such judgment, nothing further is to be done, except to forfeit the recognizance of the appealing party, or issue a capias pro fine for him, or issue execution against his property to enforce the pecuniary fine, if any such should be included in the judgment.　It will be observed that directly after receiving the mandate, a capias was issued for the principal, Carleton, upon service of which he was incarcerated in jail.　The issuance of the capias and his arrest and incarceration was proper, and it relieved the sureties from any further obligation to present him before the trial court to answer the judgment of affirm-

ance or order of the appellate court. The State could not at the some time legally take from the custody of the sureties the body of defendant and forfeit the recognizance or appearance bond, to which they had signed their names, and on which they were otherwise responsible. So, when the State seized the body of Carleton and placed him in jail after the reception of the mandate of affirmance in the County Court of Mc-Lennan County, the sureties were relieved of further responsibility for his appearance before the trial court.

There are other questions suggested for revision, but as this proposition disposes of the case, it is not necessary to discuss them. The judgment is reversed and the cause remanded.

*Reversed and remanded.*