THE STATE OF TEXAS EX REL. B. F. LOONEY, ATTORNEY GENERAL, v. A. R. HAMBLEN, DISTRICT JUDGE, ET AL.

No. 3228. Decided July 13, 1914.

**Convict—Habeas Corpus—Time of Service in Penitentiary—Mandate.**

Where a convict had only served part of his time in the penitentiary and was illegally released, but rearrested by the prison authorities, and thereupon sued out a writ of habeas corpus before a District Court asking his release, whereupon the State of Texas ex rel. its Attorney General, filed in this court a written application praying for a writ of prohibition and that the convict serve out his time of service in the penitentiary. Held, that the application is granted and it is ordered that the convict be returned to the penitentiary and required to serve his full time in accordance with the judgment and mandate of this court.

From Travis County.

Original proceeding in the Court of Criminal Appeals of the State of Texas, by the State of Texas ex rel. B. F. Looney, Attorney General, v. A. R. Hamblen, District Judge, et al., praying for a writ of prohibition against said district judge et al., and an order to return a State convict to the State penitentiary until his sentence had expired by law.

The State of Texas ex rel. B. F. Looney, Attorney General, presented to this court a petition, with proper exhibits attached, alleging that on the 21st day of September, A. D. 1911, the District Court of Brazos County entered an order of conviction for forgery against one F. E. Pye, sentencing him to imprisonment in the penitentiary for a term of two years; that the said Pye duly appealed to the Court of Criminal Appeals and entered into a proper recognizance pending said appeal on September 26, 1911; that thereafter, towit, on June 19, A. D. 1912, said case was affirmed in the Court of Criminal Appeals and a motion for rehearing overruled on January 29, 1913, and the second motion for rehearing was overruled on March 5, 1913; that thereafter, on March 12, 1913, an order was made by the Presiding Judge of said court staying the issuance of a mandate in said cause for thirty days giving said Pye an opportunity to apply to the Supreme Court of the United States for a writ of error; that on June 6, 1913, the mandate in said cause was duly issued by the clerk of the Court of Criminal Appeals, and on the 14th day of June, 1913, said Pye was committed to the State penitentiary by virtue of a capias and imprisoned therein on June 17, 1913; that on the 19th day of April, 1914, the said Pye was illegally released from said penitentiary and allowed to go at large after having served only ten months and two days of said sentence; that thereafter, on the 23rd day of June, 1914, the said Pye was rearrested by the prison authorities of the State penitentiary for the purpose of recommitting him to the State penitentiary to serve the remainder of his legal sentence; that on the same day last aforesaid, said Pye sued out a writ of habeas corpus asking his release from said arrest and was permitted to enter into bail pending his application for writ of habeas corpus; that said application was transferred to another judicial district and the hearing thereof set down for the 20th day of July, 1914.

Petitioner prayed for a writ of prohibition addressed to said district judges ordering and commanding them to desist and refrain from taking further cognizance of the said application for writ of habeas corpus, and that the said Pye and his attorneys be forever enjoined from prosecuting the same, and that the convict be recommitted to the State penitentiary.

No briefs of attorneys on file.

PRENDERGAST, PRESIDING JUDGE, and HARPER, JUDGE.—We know judicially, and as a fact, from our own records that F. E. Pye was duly and legally convicted of forgery in the District Court of Brazos County on September 21, 1911, and that his punishment therefor was assessed at confinement in our State penitentiary for the term of two years. That he duly appealed from said conviction to this court, and remained at liberty pending the final disposition of his appeal, having duly entered into recognizance for that purpose. That his case was decided by this court on June 19, 1912, the judgment and sentence of said District Court was duly affirmed, and thereby said judgment and sentence of said District Court became the judgment of this court.

That he thereafter duly filed two motions for rehearing, which prevented said affirmance from becoming final until overruled on March 5, 1913. That at his special instance and request this court withheld its mandate until June 6, 1913, to give him time and opportunity to apply to the Supreme Court of the United States for a writ of error, which he did, and which was afterwards denied by the Supreme Court of the United States. That afterwards on June 6, 1913, the mandate of this court was duly issued, by which, and the judgment of this court, the said lower court was commanded to observe our said judgment, "and in all things to have it duly recognized, obeyed and executed," and said mandate must have reached said lower court soon after its issuance. That under no circumstances could said Pye's time of service in the penitentiary have begun until after June 6, 1913, and that it is impossible for him to have served his term since then.

We are satisfied that the penitentiary authorities in the attempted discharge of said Pye before he served his time, and the district judges in their attempt to grant him a writ of habeas corpus and have a hearing thereunder, acted from no improper motive, but from a misapprehension of the law and facts.

Upon consideration of the law and facts, it is ordered by this court, and the judges thereof, as follows:

(1) That the petition of Hon. B. F. Looney, Attorney General of Texas, and his assistants, be duly filed and docketed by the clerk of this court.

(2) That this court, and the judges thereof, will not permit any disobedience of, nor interference with, its judgment and mandate, by any official of the State penitentiary, nor by any judge of any court of this State, nor by any other person.

(3) That the writ of prohibition as prayed for by the Attorney General be granted and issued at once by the clerk of this court, and that it also direct and require said judges of the lower court to dismiss the habeas corpus proceedings and have no hearing thereunder and make no other order thereabout.

(4) That said Pye be at once delivered into the custody of J. V. Cunningham, State Transfer Agent of the State of Texas, or other proper official of the penitentiary. In case he is not so delivered or does not himself at once surrender to said authorities, then that he immediately be taken without capias or other writ, by any peace officer, or citizen of this State, and returned to said penitentiary and required to serve his full time in accordance with the judgment and mandate of this court.

We base our authority to make this order on the general principles of law, and: section 4, article 5, of our Constitution; Ex parte Wyatt, 29 Texas Crim. App., 398; Luckey v. State, 14 Texas, 400; Ex parte Branch, 37 Texas Crim. Rep., 318; Ex parte Sherwood, 29 Texas Crim. App., 334; McCorquodale v. State, 54 Texas Crim. Rep., 344; Wells v. Littlefield, 62 Texas, 28; Conley v. Anderson, Judge, 164 S. W. Rep., 985; Hovey v. Shepherd, 105 Texas, 237; State v. Boyce, 65 Pac. Rep.,

763; State ex rel. v. Drew, Judge, 38 La. Ann., ·274; In re State, 18 La. Ann., 102; State ex rel., etc., v. Superior Court, etc., 36 Pac. Rep., 443; State v. Murphy, 53. Am. St. Rep., 491; The People ex rel. v. Court of, etc., 185 N. Y., 504; 23 A. & E. Ency. of Law (2nd ed.), p. 195 et seq., to p. 206.