Ex Parte Walter Underwood.

No. 7731.   Decided April 4, 1923.

**1.—Misdemeanor—Confinement in County Jail—Mandate—Term of Imprisonment.**

Where relator was convicted of a misdemeanor and his punishment was fixed at a fine of five hundred dollars, and confinement in the county jail for a period of six months, and appealed, and at the time of the affirmance of the judgment and the receipt of the mandate he was at large on bail, his contention that although he was not incarcerated his term of imprisonment began upon the issuance of the mandate from this court, and that his recent arrest and detention were unauthorized because more than six months had elapsed since the mandate was issued is untenable.   Following Ex parte Branch, 37 Texas Crim. Rep., 318.

**2.—Same—Statutes Construed—Misdemeanor Conviction.**

Articles 879 to 882 inclusive, C. C. P., are intended to furnish a procedure by which one convicted of a misdemeanor shall be required to comply with the judgment and to allow one who is in custody when his case is affirmed to have credit for the time that he may thereafter spend in jail on account of a particular prosecution.—Following Ex parte Spiller, 63 Texas Crim. Rep., 93.

Appeal from the District Court of Eastland.   Tried below before the Hon. E. A. Hill.

Habeas Corpus proceedings asking release from confinement in the county jail on a mandate of the Court of Criminal Appeals, because his time for incarceration had expired, although he was under bond.

The opinion states the case.

*Bishop & Bishop,* and *Dabney & Calloway* for appellant.—Cited Sartin v. State, 10 Texas Crim. App. 651; Ex parte Carey v. State, 64 S. W. Rep., 341, and cases cited in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW Presiding Judge.—Relator was convicted of a misdemeanor and his punishment fixed at a fine of $500 and confine-

ment in the county jail for a period of six months. He appealed to this court. The judgment was affirmed and the mandate of this court was issued on the 12th day of May and reached the clerk of the court in which the conviction was had on the 15th day of May, 1922. At the time of the affirmance of the judgment and the receipt of the mandate, appellant was at large on bail. He was not taken into custody. He paid the fine.

The position now taken by him is that although he was not incarcerated, his term of imprisonment began upon the issuance of the mandate from this court, and that his recent arrest and detention were unauthorized because more than six months had elapsed since the mandate was issued.

The principles which control the decision in Ex parte Branch, (37 Texas Crim. Rep. 318), would seem applicable here. Branch was convicted of an aggravated assault. He appealed to this court and the case was affirmed. (See 35 Texas Crim. Rep. 304). After the affirmance, he was arrested on a capias pro fine. He sued out a writ of habeas corpus. He was remanded into custody and again appealed to this court. (See 36 Texas Crim. Rep. 384). The appeal was dismissed. He was again arrested and sought by way of writ of habeas corpus his discharge upon the same theory, in substance, as that advanced by the appellant, namely, that his term as a prisoner began when the mandate from this court affirming his case was issued. From the decision of this court in that case, we take the following quotation:

"The claim set up by him, that, on account of the habeas corpus proceeding before the County Judge and his enlargement on bond, he had constructively paid the fine and costs and served out the term of his imprisonment in the assault and battery case, is worthy of no consideration. It is frivolous. If this were true, should a prisoner escape and get at large, he could claim that he was serving out his term of imprisonment while at large. Nor is the relator entitled to any discount of his term of imprisonment as adjudicated by said court on account of any time taken up or consumed by him in prosecuting this writ of habeas corpus."

In the instant case, appellant was at large on his own volition. He might have remained in jail pending his appeal or he might have surrendered himself upon the affirmance of the judgment and the issuance of the mandate.

The statutes on the subject are Articles 879 to 882, inclusive, Code of Crim. Proc. The construction in cases where the appellant appeals and then withdraws his appeal, and in cases where he asks for a stay of the mandate in order that he might apply to the Supreme Court of the United States are in accord with the view which we have expressed. See Ex parte Carey, 64 S. W. Rep., 241; State ex rel. Looney v. Hamblen, 74 Texas Crim. Rep., 526, et al., 169 S. W. Rep.,

678. The statutes are intended to furnish a procedure by which one convicted of a misdemeanor shall be required to comply with the judgment, and to allow one who is in custody when his case is affirmed to have credit for the time that he may thereafter spend in jail on account of the particular prosecution. Ex parte Spiller, 63 Texas Crim. Rep., 93.

The appeal bond which the appellant executed required that he appear before the court in which the judgment was rendered and abide by the judgment of the Court of Criminal Appeals in this case. It was by reason of this bond that he was allowed to remain at large pending his appeal, and if he had obeyed its terms, doubtless the sheriff would have put him in jail, but having failed to do so, we find no warrant in the law for the conclusion that he has satisfied the judgment against him.

The judgment is therefore affirmed.

*Affirmed.*