Ex Parte Salisbury.

No motion for rehearing filed.

No. 9070.  Decided October 29, 1924.

**Habeas Corpus—Judgment—Enforced How—Capias Pro Fine.**

Relator was convicted of an aggravated assault and his punishment fixed at a fine of four hundred and fifty dollars. He appealed to this court, and his case was affirmed. The mandate of this court was issued on the 31st day of December, 1921. On the 13th day of October, 1924, a *capias pro fine* was issued and he was taken into custody. The lapse of time between the date of the issuance of the mandate, on December 31, 1921, and the date of the issuance of the *pro fine*, the 13th day of December, 1924, did not operate to discharge the relator from the judgment. The *capias pro fine* was properly issued, and relator will be compelled to discharge and satisfy the judgment against him.

Appeal from the District Court of Clay County. Tried below before the Hon. Paul Donald, Judge.

Appeal from an order remanding relator to the custody of the sheriff of Clay County on a *habeas corpus* hearing.

*Taylor & Taylor,* and *H. M. Muse,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—From an order remanding the relator to the custody of the sheriff on a *habeas* corpus hearing, he appeals to this court. Relator had been convicted of aggravated assault with punishment fixed at a fine of $450, from which judgment he appealed to this court and an order of affirmance was entered on December 14, 1921, as shown by the reports. See 90 Texas Crim. Rep., 439.

The mandate of this court was issued on the 31st of December, 1921, and filed in the District Court of Clay County immediately after its

issuance. At the time his case was affirmed, the relator was at large on bail. The judgment was not paid nor was there any affidavit that he was unable to pay it, and on the 13th day of October, 1924, a *capias pro fine* was issued when he was taken in custody. It is under that process that he is now held.

Relator advances the theory that the *capias pro fine* is unauthorized because of the delay in its issuance. The position assumed by him is that his term of imprisonment, in default of the payment of the fine, began immediately upon the filing of the mandate, and that although he had not been in custody and has not paid his fine, his term of imprisonment has expired. In support of this theory we are referred to the case of In re Webb, 89 Wis., 54, 27 L. R. A., 356. The rule applied in that case was that the judge, after sentence, may not suspend its execution except pending the appeal from the sentence. This rule was applied in this State in holding invalid the Suspended Sentence Statute as enacted by the 32d Legislature. See Snodgrass v. State, 150 S. W. Rep., 162; 41 L. R. A. (N. S.) 1144.

In the present case, after sentence, the appellant, by pursuing the statutory methods, perfected an appeal and secured his right to freedom from custody pending the appeal by the recognizance. Upon the affirmance of his case and the return of the mandate, the method of procedure is fixed by statute. Art. 944, C. C. P., reads thus:

"In cases of misdemeanor, where the judgment has been affirmed, no proceedings need be had after filing the mandate, except to forfeit the recognizance of the defendant, or to issue a *capias* for the defendant, or an execution against his property, to enforce the judgment of the court, whether of fine or imprisonment, or both, in the same manner as if no appeal had been taken."

The statutory law contemplates and declares that one may be found guilty of a misdemeanor and fined without his presence. See Arts. 867 and 872, C. C. P. If he is present, and fails to appeal, he shall be committed to jail until the fine and costs are paid. If he appeals, the execution of his sentence is suspended until the final judgment of affirmance of the appellate court. If he is not present when the judgment becomes final, a *capias* shall be issued and he shall be committed to jail until the fine and costs are paid. Art. 867, C. C. P. See also Art. 916, C. C. P.

On the facts revealed by the present record, at the time the mandate was filed, it was the privilege of the State to enforce the judgment by seizing the appellant under a *capias pro fine*, by forfeiting the recognizance by proceedings against the sureties, or by issuing execution against his property. See Carleton v. State, 45 Texas Crim. Rep., 73; 73 S. W. Rep., 1044. The duty of proceding by one of these methods was upon the officers of the State. A duty likewise rested upon the appellant and the sureties on his recognizance. He might have paid

the fine or surrendered himself; so might the sureties. None of the officers of the State had the right to affirmatively release the appellant or waive the State's right to the satisfaction of the judgment of the court. They having no right to do so by affirmative action, it is our opinion that their neigligence in performing the duties which the law imposed upon them would not operate to discharge the appellant from the necessity of suffering the penalty imposed upon him by the judgment of conviction. Nor would the appellant's failure to pay the fine or satsfy the judgment deprive the State of the right to enforce it.

The action of the trial court in refusing to discharge the relator under the writ of *habeas corpus* was, in our opinion, proper.

The judgment is affirmed.

*Affirmed.*