## EX PARTE JACK ALLEN RAYBURN.

No. 22587. Delivered June 23, 1943.

The opinion states the case.

*J. Carroll McConnell,* of Austin, and *H. O. McConnell,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

On July 23, 1937, appellant was, in the District Court of Palo Pinto County, convicted of the offense of robbery and his punishment assessed at confinement in the State penitentiary for five years. From that judgment he appealed to this court, and was, during the appeal, at liberty upon appeal bond. On March 3, 1938, we affirmed the judgment of conviction. According to the records of this court, mandate was duly issued upon said affirmance on March 19, 1938. There is, however, no direct evidence that the original mandate was received and filed in the District Court of Palo Pinto County, nor that a commitment was issued thereon.

Shortly after appellant learned of the affirmance of the case, he appeared at the penitentiary of this State and presented himself for admittance as a convict. The officer in charge informed him that he had no commitment papers for him, and that he could not be admitted as a convict into that institution. Appellant returned to his home in Houston, advising the penitentiary authorities of his address and location. He resided in

Houston continuously from that time until March, 1943, when he was caused to be arrested, by the Sheriff of Palo Pinto County, to serve the sentence so imposed upon him.

By writ of habeas corpus before the Judge of the District Court of Palo Pinto County, appellant sought his discharge and release from custody under said judgment, sentence, and arrest, contending that his act in surrendering himself to the penitentiary authorities constituted constructive possession and incarceration in the penitentiary, under said judgment, and that, more than five years having elapsed, he had served the sentence imposed and was entitled to his liberty. After a hearing, the relief prayed for was denied and appellant was remanded to the custody of the arresting officer. This appeal is from that order.

In addition to the foregoing fact, it is to be noted that at no time did appellant surrender himself to the officers of Palo Pinto County. He admitted that he never, at any time, presented himself before the District Court of Palo Pinto County after the judgment had been affirmed nor advised the officers of that county of his whereabouts.

The Sheriff of Palo Pinto County, who came into office in 1939, testified that he endeavored to locate appellant but was unable to find him, and was unable to find out where he was, until March, 1943, when he caused him to be arrested. There is an absence of any showing that appellant, while upon liberty, and up until the time of his arrest, was in hiding or was purposely keeping his whereabouts a secret. There is nothing to show that he was a fugitive.

It is unnecessary to determine what appellant's status would be had he presented himself before the District Court of Palo Pinto County, to serve the sentence imposed, and into the custody of the sheriff of that county, at the time he presented himself to the penitentiary authorities, because the facts here presented do not raise that question.

When appellant entered into the appeal bond, he bound himself to appear before the District Court of Palo Pinto County, to abide the judgment of this court in his case. He had not, prior to his arrest, complied with that condition. The penitentiary authorities, at the time appellant presented himself to them, had no authority to accept him as a convict, and they so notified and advised him. His act in presenting himself at the

penitentiary did not, therefore, constitute a compliance with the conditions voluntarily assumed by him in the appeal bond.

If appellant has been injured by reason of the delay in serving the sentence the law imposed upon him, such arises by reason of his own acts and conduct in failing to do that which he bound himself to do in order to be at liberty during the appeal of his case. One convicted of crime in this State must serve the punishment imposed upon him, unless same is set aside, remitted, or forgiven by that branch of our government having authority so to do. This has not happened in this case.

The conclusion is reached that the action of the trial court in remanding appellant to the custody of the arresting officer was correct. This conclusion is supported by the authority of Ex parte Underwood, 248 S. W. 551, 94 Tex. Cr. R. 157.

The judgment remanding appellant is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.