**Ex parte Billy Edward FRANCIS.**

**No. 48648.**

Court of Criminal Appeals of Texas.

June 12, 1974.

John T. Montford, Lubbock, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

Petitioner, an inmate of the Department of Corrections, seeks his release by writ of habeas corpus.

Petitioner was convicted in the District Court of Lubbock County of the offense of forgery on the 16th day of July, 1964. His punishment was assessed at two years, and he appealed to this Court. This Court affirmed the conviction by Per Curiam opinion and on the 12th day of February, 1965, forwarded our mandate to the clerk of the convicting court.

We are unable to determine from the record on the hearing on the writ of habeas corpus and from the court's finding of fact which accompanies such record whether the clerk of the convicting court forwarded wuch mandate to the sheriff of Lubbock County or not, nor do we deem it necessary to so determine. Regardless of which official was derelict in his duty, the fact remains that the appellant was not arrested on the mandate of this Court, nor was he carried to the Department of Corrections as the law requires. It was not until November 2, 1973, that this oversight was discovered.

Petitioner was then arrested on the original mandate of this Court and, following the hearing before the trial court on a writ of habeas corpus, he was transferred to the Department of Corrections, where he is now confined.

---

This case should not be confused with cases where the State was the moving party in bringing about the prisoner's unwarranted release. Cf. Ex parte Morgan, 159 Tex.Cr.R. 241, 262 S.W.2d 728.

At the hearing the petitioner testified that he learned of the affirmance of his conviction by this Court at the time and that he conferred with his bondsman. He does not assert that he made his appearance before the convicting court as was required by the terms of his bond.

Judge Morrow in writing for this Court concerning a similar state of facts, in Ex parte Underwood, 94 Tex.Cr.R. 157, 248 S.W.2d 551, said:

"The appeal bond which the appellant executed required that he appear before the court in which the judgment was rendered and abide by the judgment of the Court of Criminal Appeals in this case. It was by reason of this bond that he was allowed to remain at large pending his appeal, and if he had obeyed his terms, doubtless the sheriff would have put him in jail, but having failed to do so, we find no warrant in the law for the conclusion that he has satisfied the judgment against him."

Soon thereafter when again writing for the Court in Ex parte Salisbury, 98 Tex. Cr.R. 341, 265 S.W. 696, Judge Morrow said:

"A duty likewise rested upon the appellant, and the sureties on his recognizance. He might have paid the fine or surrendered himself; so might the sureties. None of the officers of the state had the right to affirmatively release the appellant or waive the state's right to the satisfaction of the judgment of the court. They having no right to do so by affirmative action, it is our opinion that their negligence in performing the duties which the law imposed upon them would not operate to discharge the appellant from the necessity of suffering the penalty imposed upon him by the judgment of conviction."

See also Rayburn v. State, 146 Tex.Cr.R. 204, 172 S.W.2d 505.

In Weber v. Mosley, 241 Mo.App. 727, 242 S.W.2d 273, the St. Louis Court of Appeals wrote an exhaustive opinion from which we quote in part:

"In still others, [cases where the accused has not been promptly confined under the judgment of the court] after conviction is affirmed by the appellate court (defendant having been out on bond pending appeal) a delay occurs in taking him into custody, and the question arises whether the period of the delay is to be credited on the sentence. Ex parte Underwood, 94 Tex.Cr.R. 157, 248 S.W. 551; Ex parte Volker, 120 Neb. 508, 233 N.W. 890, 72 A.L.R. 1267; People ex rel. Kelly v. Ragen, 392 Ill. 423, 64 N.E. 2d 872; Ex parte Hill, 86 Okl.Cr. 318, 192 P.2d 849.

"In all of these cases the courts have denied the petitioner's application for release on habeas corpus, and have required the prisoner to serve his term notwithstanding the delay."

Later in the opinion, we find the following:

"Any other holding under the facts in the case at bar would permit ministerial officers to thwart and nullify the judgment of courts."

We quote from 24B C.J.S. Criminal Law § 1999, p. 688, as follows:

"The people of a state are interested in punishment of those convicted of crimes and public interest should not be subservient to illegal acts and default of officers who had charge of prisoners."

In a brief filed for the first time in this Court petitioner makes several assertions, some of which will be discussed. He first contends that he was denied his constitutional right to a speedy trial and appeal. A recitation of the facts reflects that petitioner's trial and appeal were promptly disposed of and the reason he is now incar-

cerated is that he failed to take appropriate action when he learned that his conviction had been affirmed. Had he complied with the terms of his bond on appeal,[1] he would have long since served his sentence.

One of petitioner's contentions is that he has been "in custody" for the purpose of serving his sentence while on bond awaiting the action of this Court. He relies upon the recent opinion of the Supreme Court of the United States in Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). The Court there was construing the term "in custody" in order to determine petitioner's eligibility for writ of habeas corpus and not as credit for time served in jail.

Smith v. Swope, 9 Cir., 91 F.2d 260, also relied upon by petitioner, is not in point because in that case petitioner was arbitrarily placed in the custody of another jurisdiction, and the court held that he should have been given credit for such time.

After full review of all of petitioner's contentions, we have concluded that the petitioner is not entitled to the relief prayed for. It is so ordered.

---

1. "Shall appear before this Court from day to day and from term to term of the same and not depart without leave of the Court in order to abide the judgment of the Court of Criminal Appeals of the State of Texas."