**Ex parte James David DUNN.**

**No. 72949.**

Court of Criminal Appeals of Texas, En Banc.

July 1, 1998.

---

*Ibid.*

David M. Jordan, Dallas, for appellant.

John Vance, District Attorney, Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PER CURIAM.

This is a post-conviction application for writ of habeas corpus forwarded to this Court in accord with Article 11.07, V.A.C.C.P. In 1985 applicant pled guilty in Dallas County to sexual assault and two counts of indecency with a child. The court sentenced him to confinement for five years in each case, but subsequently granted applicant's motion for shock probation. In 1990 the trial court revoked the probations and sentenced applicant to confinement for five years in each case. The convictions were affirmed. Dunn v. State, Nos. 05–90–00872–CR; 05–90–00873–CR; 05–90–00874–CR (Tex.App.—Dallas, delivered April 17, 1991, pets. ref'd).

Applicant claims his sentences have expired and he is therefore illegally restrained. He explains that he was out on bond pending his appeal of these convictions. However, during the pending appeals, he was incarcerated in 1991 for other, unrelated convictions from another county. When his Dallas County convictions were affirmed in 1991, the clerk of the trial court did not issue a capias for his arrest. See Tex.R.App.Pro. 87(b)(1) (now rule 51.2); Article 42.09, Sec-

tion 2, V.A.C.C.P. The trial court discovered the oversight six years later and ordered applicant to begin serving his sentences in 1997. Applicant contends that he began serving his Dallas County sentences in 1991, so they have now expired. The issue we must decide is when applicant began serving these Dallas County convictions.

In 1990, when applicant appealed these Dallas convictions, he remained out of custody pursuant to an appeal bond. On April 17, 1991, the Court of Appeals affirmed all three convictions. Applicant's petitions for discretionary review were refused in September, 1991. The Court of Appeals issued the mandate on October 31, 1991, and the trial court filed the mandate on November 5, 1991.

On October 7, 1991, prior to the issuance or receipt of the mandate, applicant was sentenced to seven years' confinement in three unrelated cases in another county and incarcerated for those cases. In 1993 he was released to parole on those cases. In September 1996, applicant was arrested on a parole violator warrant and his parole was subsequently revoked. As a result of this arrest, the trial court became aware that the capias and commitment orders in the instant cases had never been issued. On February 12, 1997, applicant was transferred to the Texas Department of Criminal Justice, Institutional Division, to serve the instant sentences.

▆ Applicant's case calls into play a well-established rule that a sentence cannot be required to be served in installments; it must be served as one continuous, uninterrupted sentence. *Ex parte Hurd*, 613 S.W.2d 742 (Tex.Cr.App.1981); *Ex parte Tarlton*, 582 S.W.2d 155 (Tex.Cr.App.1979); *Ex parte Iglehart*, 535 S.W.2d 185 (Tex.Cr. App.1976); *Ex parte Esquivel*, 531 S.W.2d 339(Tex.Cr.App.1976); *Ex parte Downey*, 471 S.W.2d 576, 577 (Tex.Cr.App.1971). Thus, when a sentence begins is obviously a critical fact to calculate credit because it must run continuously except for conditional release authorized by statute.

▆ Applicant suggests he is entitled to time credit on these cases beginning on any one of three possible dates. First, he inti-

mates he should receive credit beginning on October 7, 1991, the date he was sentenced in the three unrelated cases in another county. He bases this claim on the recitations in the judgments of those cases which stated they were to run "concurrent with Dallas County convictions." However, applicant was not serving his Dallas County sentences on October 7, 1991, because he was still on appeal bond in those cases and he had not surrendered the bond. See *Nixon v. State*, 572 S.W.2d 699 (Tex.Cr.App.1978); *Ex parte Alvarez*, 519 S.W.2d 440 (Tex.Cr.App.1975). His incarceration was only for the "new" convictions. In fact, had he received sentences in the new cases which did not include incarceration, he would have been entitled to release despite the Dallas County cases, because he had appeal bonds authorizing his release on those cases. Accordingly, applicant had not begun serving his Dallas County sentences on October 7, 1991.

▆ Next, applicant suggests his sentences began when the mandate issued on October 31, 1991, presumably because the Dallas cases became final at that time and he was already incarcerated, albeit for other offenses. We disagree. Because applicant did not comply with the terms of his appeal bond, he is not entitled to time credit from the date the mandate issued. This rationale is reflected in several cases dealing with terms and conditions set out in bonds.

In *Ex parte Francis*, 510 S.W.2d 345 (Tex. Cr.App.1974), the applicant was released on appeal bond while his appeal was pending. When his conviction was affirmed, the mandate issued and was forwarded to the clerk of the convicting court. However, the applicant was not arrested. Eight years later the oversight was discovered, and the applicant was arrested. This Court denied his request for time credit back to the date the mandate had issued, noting that the applicant knew of the affirmance at the time it had occurred and had failed to appear in court as required by the terms of his appeal bond. The bond required him to appear before the convicting court "from day to day and from term to term of the same and not depart without leave of the Court in order to abide the judgment of the Court of Criminal Appeals of

the State of Texas." This Court held that the errors by officials did not relieve the applicant of his duties under the terms of the appeal bond. Further, the applicant was not "in custody" for purposes of time credit while he was out on appeal bond.

In *Ex parte Rayburn*, 146 Tex.Crim. 204, 172 S.W.2d 505 (1943), the applicant was likewise released on a bond pending the appeal of his criminal case. The mandate issued when the conviction was affirmed, but apparently it was not received by the district court and no commitment was issued. Rayburn learned of the affirmance and presented himself at the penitentiary for admittance as a convict. Because the officers there had no commitment papers for him, they refused to admit him as a convict. Rayburn returned home. About five years later he was arrested by the Sheriff of Palo Pinto County to begin serving his sentence. This Court rejected Rayburn's claim that his sentence had begun to run from the date he had presented himself to penitentiary officials. We stated that when he entered into the appeal bond, the applicant bound himself to appear before the District Court of Palo Pinto County to abide the judgment of this Court. His act in presenting himself at the penitentiary did not constitute compliance with the conditions he voluntarily assumed in the appeal bond. See also *Ex parte Underwood*, 94 Tex.Crim. 157, 248 S.W. 551 (1923).

The fact of applicant's incarceration for unrelated cases at the time the mandate issued in his Dallas County cases, does not distinguish this case from *Francis, Rayburn,* or *Underwood.* Applicant was still bound by the terms of the appeal bond, which, like those in *Francis,* required his appearance "before said Court from day to day and from term to term of same, and not depart therefrom without leave of said Court, in order to abide the judgment of the Court of Appeals of the State of Texas."

Based on this language, like that in *Francis,* applicant had a duty to appear whenever the mandate was received and his presence was thus required. The appeal bond directed applicant to appear instanter in the trial court. See *Euziere v. State,* 648 S.W.2d 700 (Tex.Cr.App.1983)(similar language held to

sufficiently inform a defendant to appear instanter); *Rippey v. State,* 132 Tex.Crim. 415, 104 S.W.2d 850 (1937). Thus, once the mandate issued and applicant did not appear in the trial court, he violated the terms of his appeal bond. Additionally, under *Francis,* regardless of the fact of his incarceration on other cases, applicant did not abide by the terms of his bond and is not entitled to credit.

Since applicant was incarcerated at the time the mandate was received, he could have satisfied the requirements of the bond or surrendered the bond by informing the trial court of his whereabouts so as to "abide the judgment of the Court of Appeals." The neglect or error by officials in failing to issue the capias or commitment order did not relieve Applicant of his own duties which he voluntarily assumed in the appeal bond. *Francis,* 510 S.W.2d at 346. Therefore, applicant is not entitled to time credit from the date the mandate issued because he did not comply with the requirements of his bond. See *Francis* 510 S.W.2d 345; *Rayburn,* 146 Tex.Crim. 204, 172 S.W.2d 505; see also *Euziere,* 648 S.W.2d 700.

■ Finally, applicant contends his sentences began on May 6, 1993, when he notified the trial court of his whereabouts by requesting a nunc pro tunc order for the presentence jail credits in these cases. Included in his request was a statement of the particular unit in which he was incarcerated. We agree that this request satisfied the appeal bond requirements to check in with the trial court because it alerted the court to applicant's location and was an inquiry into his cases such that the trial court should have become aware, when reviewing his time credit request, that applicant had not been committed to the penitentiary for these Dallas County cases. Accordingly, applicant's sentences in these cases began to run on May 6, 1993.

Applicant is entitled to credit on his sentences in cause numbers F–84–71162–K, F–85–73087–K, F–85–73088–K, from Criminal District Court No. of Dallas County, from May 6, 1993, to November 23, 1993, when he was released on parole. He is also entitled to any pre-sentence credit he has earned in

these cases. The proper authority can thus compute applicant's time credit with this information. Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.

OVERSTREET, J., dissents.