Opinion issued July 20, 2006
 
 
 










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00616-CR
____________

IN RE CURTIS LEON BURNETT, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
           Relator, Curtis Leon Burnett, filed a pro se petition for writ of mandamus
naming the 183rd District Court as Respondent. Relator complains that there is an
error in the calculation of his jail time credits and the parole release date calculated
by the Board of Pardons and Paroles after a revocation hearing is incorrect. Relator
requests that this Court order “a correction ...as soon as possible to... July 2006.” We
deny the petition for writ of mandamus. 
          We first observe that the granting of credit for jail time has historically been
accomplished by post-conviction writ of habeas corpus. See Tex. Code Crim. P.
Ann. art. 11.07 (Vernon Supp.2005); Ex parte Dunn, 976 S.W.2d 208 (Tex. Crim.
App. 1998). Even if we were to treat relator’s petition as a writ of habeas corpus, we
would still have to deny relief. The courts of appeals have no original habeas corpus
jurisdiction in criminal matters. Dodson v. State, 988 S.W.2d 833, 835 (Tex.
App.—San Antonio 1999, no pet.); Ex parte Denby, 627 S.W.2d 435, 435 (Tex.
App.—Houston [1st Dist.] 1981, orig. proceeding); Tex. Gov’t Code Ann. § 22.221
(Vernon Supp. 2005). 
          In addition, there are three prerequisites for the issuance of a writ of mandamus
by an appellate court, namely: (1) the lower court must have a legal duty to perform
a nondiscretionary act; (2) the relator must make a demand for performance; and (3)
the subject court must refuse that request. Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). In his petition Relator (1)
has not provided us with a record that shows that he made any request of the
respondent to perform a nondiscretionary act that respondent refused and (2) has not
included a certified or sworn copy of any order complained of or any other document
showing the matter complained of. See Tex. R. App. P. 52.3(d), (j)(1)(A). We also
note that Relator’s petition filed in this Court does not meet the requirements of the
Texas Rules of Appellate Procedure because it does not certify that a copy was served
on a respondent. See Tex. R. App. P. 9.5.
          We review pro se applications with less stringent standards than formal
pleadings drafted by lawyers. However, even a pro se applicant for a writ of
mandamus must show himself entitled to relief. Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).  
           The petition for writ of mandamus is therefore denied.
PER CURIAM
Panel consists of Justices Keyes, Alcala, and Bland..