In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00117-CV


______________________________




IN RE: ERIC L. SHADDOX








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Eric L. Shaddox has filed a pro se petition for writ of mandamus, which appears to name the
Honorable Lauren Parish, presiding judge of the 115th Judicial District Court of Upshur County,
Texas as respondent. (1) Shaddox complains there is an error in the calculation of his jail-time credits
and the release date. Because Shaddox has not shown that he made any request of the trial court to
perform a nondiscretionary act and has not provided a sufficient record, we deny the petition for writ
of mandamus.

 To be entitled to mandamus relief in a criminal matter, the relator must establish that (1) the
act sought to be compelled is ministerial, and (2) there is no adequate remedy at law. Dickens v.
Court of Appeals for the Second Supreme Judicial Dist. of Tex., 727 S.W.2d 542, 548 (Tex. Crim.
App. 1987). In his petition, Shaddox merely states, "I am currently seeking relief for denial of flat
time credits on my sentence." The petition fails to specify what act or omission by the trial court is
being complained of. As such, Shaddox has failed to show the act sought to be compelled is
ministerial. 

 We note Shaddox complains that he has not received credit for all of the time he served
before sentencing. In addition, Shaddox alleges he has filed "a Nunc Pro Tunc with the 115th
District Court in Upshur County, but I still haven't heard back." Under certain circumstances, the
trial court may have the authority to correct the omission of presentence jail credit through a
judgment nunc pro tunc. (2) See Ex parte Ybarra, 149 S.W.3d 147, 148-49 (Tex. Crim. App. 2004)
("The appropriate remedy in this situation is to require Applicant to present the issue to the trial court
by way of a nunc pro tunc motion . . . . If the trial court fails to respond, Applicant is first required
to seek relief in the Court of Appeals, by way of a petition for a writ of mandamus . . . ."). Shaddox
does not complain about the trial court's alleged failure to rule on his motion for judgment nunc pro
tunc or request this Court to order the trial court to rule on the alleged motion.

 Further, Shaddox's petition fails to include a sufficient record. It is the relator's burden to
provide this Court with a sufficient record to establish his or her right to mandamus relief. Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); In re Pilgrim's Pride Corp., 187
S.W.3d 197 (Tex. App.--Texarkana 2006, orig. proceeding). The petition does not include an
appendix containing "a certified or sworn copy of any order complained of, or any other document
showing the matter complained of." See Tex. R. App. P. 52.3(d), (j)(1)(A). The petition also does
not certify that a copy was served on the respondent. See Tex. R. App. P. 9.5. Shaddox has not
provided us with a record that shows he made any request of the trial court to perform a
nondiscretionary act. See Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.]
1992, orig. proceeding). 

 For the reasons stated, we deny Shaddox's petition for writ of mandamus.


 Jack Carter

 Justice


Date Submitted: December 12, 2006

Date Decided: December 13, 2006



1. Shaddox titled his petition as follows: "Eric L. Shaddox, TDCJ-ID # 1193942 v. The 115th
Judicial District Court of Upshur County, Texas[,] Presiding Judge - Lauren Parish[,] IN HER
OFFICIAL CAPACITY." Other than the title, the petition fails to specify who Shaddox is requesting
the writ against. The petition merely requests credit for time served before trial. We note this Court
does not have jurisdiction to issue a writ of mandamus against the Texas Department of Criminal
Justice. See Tex. Gov't Code Ann. § 22.221 (Vernon 2004). 
2. We note that the granting of credit for jail time has historically been accomplished by
post-conviction writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005);
Ex parte Dunn, 976 S.W.2d 208 (Tex. Crim. App. 1998). The courts of appeals have no original
habeas corpus jurisdiction in post-conviction criminal matters. Tex. Gov't Code Ann. § 22.221;
Dodson v. State, 988 S.W.2d 833, 835 (Tex. App.--San Antonio 1999, no pet.).


e" Name="Medium Shading 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00116-CV

                                                ______________________________

 

 

 

                                                   IN
RE:  R. WAYNE JOHNSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            R. Wayne Johnson
has filed a petition for writ of mandamus asking this Court to give him relief
from a void order entered by the Honorable Laurine
Blake, Judge of the 336th Judicial District Court of Fannin
County.  We deny relief.

            Johnson is on the
State of Texas list of vexatious litigants. 
See generally Tex. Civ. Prac. &
Rem. Code Ann. §§ 11.051.057
(West 2002).  He complains because he was
not permitted to file suit in Fannin County, which he
argues was the proper county for filing a lawsuit.  

            Mandamus issues
only when the mandamus record establishes (1) a clear abuse of discretion or
the violation of a duty imposed by law and (2) the absence of a clear and
adequate remedy at law.  Walker v. Packer, 827 S.W.2d 833, 83940
(Tex. 1992); see In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P., 290
S.W.3d 204, 207 (Tex. 2009).  It is the relators burden to provide this Court with a sufficient
record to establish the right to mandamus relief.  Walker,
827 S.W.2d at 837; In re Pilgrims Pride
Corp., 187 S.W.3d 197, 19899 (Tex. App.Texarkana 2006, orig. proceeding);
see Tex.
R. App. P. 52.3, 52.7.

            Johnson has
provided this Court with nothing to indicate he timely obtained permission from
the local administrative judge to file his suit in the trial court.  See
Tex. Civ. Prac.
& Rem. Code Ann. §§ 11.101.102 (West 2002).  There is nothing to indicate the trial court
abused its discretion in entering the complained-of order; in fact, such
dismissal would have been required if Johnson failed to provide the required
permission.  Tex. Civ. Prac. & Rem. Code Ann.
§ 11.103(b) (West 2002).  Further,
he has not provided this Court with any information concerning his attempted
filing, or of the order of which he purports to complain.

            We deny Johnsons
request for relief.  

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          October 27, 2011

Date Decided:             October 28, 2011