NUMBER 13-07-222-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________


IN RE TONY BASQUEZ


____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, Tony Basquez, filed a petition for writ of mandamus in the above cause
on April 8, 2007, in which he requests that this Court direct the Victoria County
District Clerk to amend the trial court record to grant him time credits. (2)
 Relator
contends that he filed a motion for nunc pro tunc with Victoria County and has not
received a response. (3) Relator does not complain about the trial court's alleged failure
to rule on his motion for judgment nunc pro tunc or request this Court to order the trial
court to rule on the alleged motion.

 The Court, having examined and fully considered the petition for writ of
mandamus and response thereto is of the opinion that relator has not shown himself
entitled to the relief sought. The petition generally fails to comply with Texas Rule of
Appellate Procedure 52.3 and fails to contain a sufficient appendix. See Tex. R. App.
P. 52.3. 

 Further, to the extent that the petition requests that this Court direct the district
clerk to correct the time credits, we do not have mandamus jurisdiction over a district
clerk. See Tex. Gov't Code Ann. § 22.221(b); HCA Health Servs. of Tex. v. Salinas,
838 S.W.2d 246, 248 (Tex. 1992). 

 The petition for writ of mandamus is DENIED. See Tex. R. App. P. 52.8(a). 


 PER CURIAM


Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 10th day of April, 2007.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. We note that the granting of credit for jail time has historically been accomplished by post-conviction
writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); Ex parte Dunn, 976
S.W.2d 208 (Tex. Crim. App. 1998). The courts of appeals have no original habeas corpus jurisdiction in
post-conviction criminal matters. Tex. Gov't Code Ann. § 22.221; Dodson v. State, 988 S.W.2d 833, 835
(Tex. App.-San Antonio 1999, no pet.).

3. In its statement regarding jurisdiction, relator's petition for writ of mandamus asserts that: "Petitioner
filed motion for nunc pro tunc with Victory [sic] County on 4-14-06 with no response." The petition fails to
include a copy of this motion. See Tex. R. App. P. 52.3(j), 52.7. We assume that the motion for nunc pro tunc
addressed the issue of correction of the time credits.