Opinion issued July 26, 2007










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00598-CR
____________

IN RE DONALD J. RANDLE, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
          Relator, Donald J. Randle, has filed a pro se petition for writ of mandamus,
seeking an advisory opinion that recommends that his parole be reinstated, his good-time credit restored, and find that the trial court should rule on a pending post-conviction writ. Relator does not identify a respondent. We deny the petition.
          First, relator’s petition does not meet the requirements of the Texas Rules of
Appellate Procedure. For example, it does not include an appendix, and it does not
certify that a copy was served on respondent. See Tex. R. App. P. 9.5, 52.3(j).
          Second, we may issue all writs of mandamus, agreeable to the principles of law
regulating those writs, against a judge of a district or county court in our district. 
Tex. Gov’t Code Ann. § 22.221(b) (Vernon Supp. 2006). We may also issue writs
of mandamus and all other writs necessary to enforce our jurisdiction. Tex. Gov’t
Code Ann. § 22.221(a) (Vernon Supp. 2006). Mandamus issues only to correct a
clear abuse of discretion or the violation of a duty imposed by law when there is no
other adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).
However, relator’s request for an advisory opinion that finds that he is should be
released on parole does not fall within our mandamus authority. See Tex. Const.
Art. V, § 6; Gonzales v. State, 864 S.W. 2d 522, 523 (Tex. Crim. App. 1993); Garrett
v. State, 749 S. W. 2d 784, 803 (Tex. Crim. App. 1988).
          Third, this Court has no mandamus jurisdiction over the Texas Department of
Criminal Justice and the award of time served or good time credits. See Tex. Gov’t
Code Ann. § 22.221 (Vernon 2006). The granting of credit has historically been
accomplished by post-conviction writ of habeas corpus. See Tex. Code Crim. Proc.
Ann. Art. 11.07 (Vernon Supp. 2006); Ex parte Dunn, 976 S. W. 2d 208 (Tex. Crim.
App. 1998). 
          Even if we considered relator’s request as a petition for writ of habeas corpus,
we have neither original habeas corpus jurisdiction in criminal cases, nor post-conviction habeas corpus jurisdiction in felony cases. See Board of Pardons &
Paroles ex rel. Keene v. Court of Appeals for the Eighth District, 910 S.W.2d 481,
483 (Tex. Crim. App. 1995); Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon
Supp. 2006). 
          The petition for writ of mandamus is therefore denied.
PER CURIAM
Panel consists of Justices Taft, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).