

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,437

### Ex parte CLAUS DETREF THILES, Appellant

### v.

### THE STATE OF TEXAS

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM DALLAS COUNTY

**KELLER, P.J., filed a concurring opinion.**

As the Court says, there are two lines of cases that address time credit for out-of-custody defendants. An erroneously-released defendant is generally entitled to credit for time out of custody. But a defendant who is out on bond pending appeal is not entitled to credit for time out of custody after the conviction is affirmed. Applicant's situation is of the second type, but the Court grants relief under a so-called "principle of reasonableness" underlying the first type of case.

I would grant relief, but I would do so without reference to a nebulous "principle of reasonableness." The difference between applicant's case and other appeal-bond cases is that

applicant won in the court of appeals. In all of our past cases in which a defendant was out on bond pending appeal and his conviction was later affirmed, the defendant had not won at any level in the judicial system.[1] In each of those four cases, the defendant stood convicted at the time he was released, and his release was just a temporary reprieve unless he could convince a higher court of the merits of his claims. We have held that, under those circumstances, the defendant had a duty to surrender himself to the authorities when mandate issued.[2] Although in three of the four cases the defendant was aware that mandate had issued, the court errs to suggest that the holdings in those

_____

[1] *See Dunn*, 976 S.W.2d 208, 210 (Tex. Crim. App. 1998) (defendant appealed conviction, court of appeals affirmed, petitions for discretionary review were refused); *Ex parte Francis*, 510 S.W.2d 345, 345 (Tex. Crim. App. 1974) (defendant appealed conviction, Court of Criminal Appeals affirmed); *Ex parte Rayburn*, 146 Tex. Crim. 204, 204, 172 S.W.2d 505, 505 (1943) (same); *Ex parte Underwood*, 94 Tex. Crim. 157, 157-58, 248 S.W. 551, 551 (1923) (same).

[2] *See Dunn*, 976 S.W.2d at 211 ("Applicant was still bound by the terms of the appeal bond, which, like those in *Francis*, required his appearance 'before said Court from day to day and from term to term of same, and not depart therefrom without leave of said Court, in order to abide the judgment of the Court of Appeals of the State of Texas.' Based on this language, like that in *Francis*, applicant had a duty to appear whenever the mandate was received and his presence was thus required. . . . Thus, once the mandate issued and applicant did not appear in the trial court, he violated the terms of his appeal bond."); *Francis*, 510 S.W.2d at 346 (quoting *Ex parte Salisbury*, 98 Tex. Crim. 341, 342-43, 265 S.W. 696, 697 (Tex. Crim. App. 1924): "A duty likewise rested upon the appellant, and the sureties on his recognizance. He might have paid the fine or surrendered himself; so might the sureties. None of the officers of the state had the right to affirmatively release the appellant or waive the state's right to the satisfaction of the judgment of the court. They having no right to do so by affirmative action, it is our opinion that their negligence in performing the duties which the law imposed upon them would not operate to discharge the appellant from the necessity of suffering the penalty imposed upon him by the judgment of conviction."); *Rayburn*, 146 Tex. Crim. at 205, 172 S.W.2d at 506 ("When appellant entered into the appeal bond, he bound himself to appear before the District Court of Palo Pinto County, to abide the judgment of this court in his case. He had not, prior to his arrest, complied with that condition. . . . If appellant has been injured by reason of the delay in serving the sentence the law imposed upon him, such arises by reason of his own acts and conduct in failing to do that which he bound himself to do in order to be at liberty during the appeal of his case."); *Underwood*, 94 Tex. Crim. at 159, 248 S.W. at 551 ("The appeal bond which the appellant executed required that he appear before the court in which the judgment was rendered and abide by the judgment of the Court of Criminal Appeals in this case.").

cases hinged on such awareness.[3]

In this case, applicant prevailed at the court of appeals. At the time he was released from custody, he had already succeeded in his attempt to procure relief and he no longer stood convicted. I would hold that, in these circumstances, he was relieved from the duty to enquire further into the outcome of the appellate proceedings.

I concur in the Court's judgment.

Filed: March 9, 2011
Publish

---

[3] *See* previous footnote. The Court also errs to suggest that the cases hinge on whether the defendant "ever became aware that . . . a capias issued for his arrest." Court's op. at 6. In each of the prior cases, the defendant was either out of custody for a long period of time before capias issued, *Dunn*, 976 S.W.2d at 209-10 (capias did not issue for six years after mandate had issued), or it did not matter to this Court whether capias had issued in a timely fashion (or at all). *Francis*, 510 S.W.2d at 345("We are unable to determine from the record . . . whether the clerk of the convicting court forwarded such mandate to the sheriff of Lubbock County or not, nor do we deem it necessary to so determine. Regardless of which official was derelict in his duty, the fact remains that the appellant was not arrested on the mandate of this Court, nor was he carried to the Department of Corrections as the law requires."); *Rayburn*, 146 Tex. Crim. at 204, 172 S.W.2d at 505 ("There is, however, no direct evidence that the original mandate was received and filed in the District Court of Palo Pinto County, nor that a commitment was issued thereon."). *See also Underwood*, *passim* (no reference to whether a capias issued).