**Opinion issued July 29, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00525-CR

_____

## IN RE DAVID CLEO RICHARD, Relator

Original Proceeding on Petition for Writ of Mandamus[1]

## MEMORANDUM OPINION

On June 25, 2014, Relator David C. Richard filed a pro se petition for writ of

mandamus requesting the Texas First Court of Appeals issue an order to the trial

court to award four years of credit on sentence, set aside good-conduct time and

send a correct commitment to the Texas Department of Criminal Justice and The

Board of Pardon and Parole. We deny the petition.

---

[1] The underlying case is *State v. Richard*, cause number 473584, in the 232nd District Court of Harris County, Texas. The underlying case has previously been appealed in *Richard v. State*, 788 S.W.2d 917 (Tex. App. – Houston [1st Dist.] 1990).

## APPLICABLE LAW

We may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district or county court in our district. TEX. GOV'T CODE ANN. § 22.221(b) (West 2004). We may also issue writs of mandamus and all other writs necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (West 2004). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). However, relator's request for an opinion that finds that he should receive an award of four years credit on sentence, have time set aside for good conduct and second a corrected commitment to the Texas Department of Justice and The Board of Pardon and Parole does not fall within our mandamus authority. *See* TEX. CONST. art. V, § 6; *Gonzales v. State*, 864 S.W.2d 522, 523 (Tex. Crim. App. 1993); *Garrett v. State*, 749 S.W.2d 784, 803 (Tex. Crim. App. 1988).

This Court has no mandamus jurisdiction over the Texas Department of Criminal Justice and the award of time served or good time credits. See TEX. GOV'T CODE ANN. § 22.221 (West 2004). The granting of credit has historically been accomplished by post-conviction writ of habeas corpus. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07 (West 2005); *Ex parte* Dunn, 976 S.W.2d 208 (Tex. Crim. App. 1998).

2

Even if we were to consider relator's request as a petition for writ of habeas corpus, we have neither original habeas corpus jurisdiction in criminal cases, nor post-conviction habeas corpus jurisdiction in felony cases. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3 (West 2005). Accordingly, the petition for writ of mandamus is therefore **denied**.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).