ORAL ARGUMENT NOT REQUESTED

NO. 12-15-00111-CR

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/24/2015 6:11:12 PM
CATHY S. LUSK
Clerk

---

CHARLIE MOTES,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-1777-13
FROM THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Charlie Motes

APPELLANT'S TRIAL COUNSEL:
    LaJuanda Lacy
    2419 Cecil
    Tyler, Texas 75702
    903-592-8335

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Chris Gatewood
    Jacob Putman
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720     903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
    Michael West
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720     903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PROFESSIONAL EVALUATION OF THE RECORD. . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

CONST.

TEX. CONST. art. V, § 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


STATUTES

TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2013). . . . . . . . . . . . . . . . 6

TEX. CODE CRIM. PROC. ANN. art. 26.14(a)(4) (West 2013).. . . . . . . . . . 7

TEX. CODE CRIM. PROC. ANN. art. 39.14 (West 2013). . . . . . . . . . . . . . 6

TEX. PENAL CODE ANN. § 12.35(c)(1) (West 2013). . . . . . . . . . . . . . 2, 3, 7

TEX. PENAL CODE ANN. § 38.04(a) (West 2013). . . . . . . . . . . . . . . . . 1, 3

TEX. PENAL CODE ANN. § 38.04(b)(1)(B) (West 2013). . . . . . . . . . . . . . 2, 3


CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
    18 L. Ed. 2d 493 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Bray v. State, 179 S.W.3d 725 (Tex. App.– Fort Worth 2005, no pet.). . 8

Ex parte Dunn, 976 S.W.2d 208 (Tex. Crim. App. 1998). . . . . . . . . . . . . 8

Duron v. State, 956 S.W.2d 547 (Tex. Crim. App. 1997). . . . . . . . . . . . 6

Mallett v. State, 65 S.W.2d 59, 64 (Tex. Crim. App. 2001). . . . . . . . . . 6

Mays v. State, 904 S.W.2d 920 (Tex. App. – Fort Worth 1995, no pet.). 6

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).. . . . . . . . . . 9

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,
    80 L. Ed. 2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ex parte Thiles, 333 S.W.3d 148 (Tex. Crim. App. 2011). . . . . . . . . . . . 8

Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999). . . . . . . . . . . . 9

RULES

Tex. R. App. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tᴇx. R. Aᴘᴘ. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

CHARLIE MOTES,    § IN THE COURT OF APPEALS

APPELLANT      §

           §

VS.          § 12TH JUDICIAL DISTRICT

           §

THE STATE OF TEXAS,    §

APPELLEE      § TYLER, TEXAS

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Charlie Motes ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was indicted in Smith County cause number 114-1777-13 and charged with the felony offense of evading arrest. TEX. PENAL CODE

1

ANN. §38.04(a) and (b)(1)(B) (West 2013). I CR 4[1]. The punishment range was enhanced to a third degree range with the inclusion of a deadly weapon allegation. TEX. PENAL CODE. ANN. §12.35(c)(1) (West 2013). Appellant elected to plead guilty to the indictment with an agreement for ten years deferred adjudication. I CR 47; I RR 16.[2] Following evidence and argument, the court followed the agreement. I CR 90-91; IV RR 7. At a later time, Mr. Motes entered pleas of true to several allegations, the court found them true, found him guilty and sentenced him to eight years confinement. I CR 142, V RR 11-14, Timely notice of appeal was filed on April 30, 2015. I CR 126. This brief is timely filed on or before August 24, 2015.

## ISSUES PRESENTED

None

---

[1] References to the Clerk's Record are made using "CR" with a roman numeral preceding "CR" designating the correct volume and an arabic numeral following specifying the correct page.

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding designating the volume and an arabic numeral following designating the correct page.

## STATEMENT OF THE FACTS

Appellant was indicted in Smith County cause number 114-1777-13 and charged with the felony offense of evading arrest. TEX. PENAL CODE ANN. §38.04(a) and (b)(1)(B) (West 2013); I CR 1. The punishment range for the offense was enhanced to a third degree felony range by the inclusion of use of a deadly weapon allegation. TEX. PENAL CODE ANN. §12.35(c)(1); I CR 1. Appellant entered a plea of guilty to the charge in the indictment with an agreed recommendation as to punishment. I RR 16; I CR 47. Appellant waived his right to a jury trial, his right to confront and cross-examine witnesses, the notification that if Appellant was not a citizen, a plea of guilty may result in deportation, the effect of the plea on his rights, the consequences of the plea and the range of punishment for a state jail felony enhanced to a second degree felony. I CR 48-54. Mr. Motes entered a plea of guilty to the offense and plea of true to the deadly weapon allegation. I RR 16-17. A stipulation of evidence was also admitted at this hearing that detailed the Appellant's conduct. I CR 52-53.

A sentencing hearing was held on May 29, 2014. Following the

evidence and argument of counsel the court withheld a finding of guilt and placed Mr. Motes on ten years deferred adjudication supervision. IV RR 7-9; I CR 90-91, 92-95.

The State filed an application to proceed to final adjudication. I CR 127-133. Three paragraphs were abandoned propr to the hearing. I CR 130-131; V RR 4. Mr. Motes entered pleas of true to each of the remaining paragraphs including: identity (¶ 1; V RR 10-11); that he possessed a controlled substance (¶2 V RR 11); that he failed to report to his probation officer from and including August 2014 to March 2015 (¶3; V RR 11-12); that he possessed a controlled substance (¶ 6; V RR 12); that he failed to support his dependents (¶ 8; V RR 12-13); that he failed to report a contact by law enforcement (¶9; V RR 13); that he failed to pay supervision fees (¶10; V RR 14); that he failed to pay court costs including appointed counsel fees (¶ 11; V RR 14) and that he failed to pay for the preparation of the presentence investigation report (¶ 12; V RR 14).

Mr. Motes testified during this proceeding. Following the evidence and argument of counsel, the trial court found Mr. Motes guilty of the offense, V RR 49. The court moved to a punishment phase, no additional

4

evidence was offered. Following argument, the court assessed an eight year sentence without a fine. V RR 51; I CR 136-138. This appeal follows.

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects. <u>Anders v. California</u>, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). Thus, counsel must move for leave to withdraw from the case.

## ARGUMENT

There is no argument to present to this Court; however, Counsel has included this section to strictly comply with Texas Rule of Appellate Procedure 38. Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects. <u>Anders v. California</u>, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). Therefore, counsel is including the following explanatory section.

## PROFESSIONAL EVALUATION OF THE RECORD

When counsel contends that there are no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App. – Fort Worth 1995, no pet.)

The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charged offense. See TEX. CONST. art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). The trial court has jurisdiction over the case. See TEX. CODE CRIM. PROC. ANN. Art. 4.05 (West 2013) (stating that district courts shall have original jurisdiction in felony criminal cases). Mr. Cotes was admonished as to his rights and the range of punishment. I RR 8, 9-10.

The conviction was supported by Appellant's signed confession, and the written plea admonishments indicate that Appellant's plea was made freely and voluntarily[3]. I CR 47-54. The court found that the plea was made freely, intelligently, knowingly and intelligently. I RR 17. The Morton Act was complied with in this case. I RR 12-13; I CR 57. TEX.

---

[3] When the record indicates that a defendant was properly admonished after pleading guilty, it is sufficient evidence to establish a prima facie case that the plea was both knowing and voluntary. *Mallett v. State*, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001).

CODE CRIM. PROC. ANN. art. 39.14 (West 2013).

During the change of plea hearing, the trial court confirmed that Appellant had reviewed the written plea admonishments with his attorney and that Appellant was making the plea of his own free will. I RR 15, 17. Mr. Cotes was able to assist his attorney with the facts of the case, possible defenses and assist for preparation for trial. I RR 8, 14. The court questioned Mr. Cotes as to consumption of alcohol, drugs or other intoxicating substance. I RR 7. He was properly admonished as to possible immigration consequences. I RR 8-9; Tex. CODE CRIM. PROC. ANN. art. 26.14(a)(4) (West 2013). Appellant's attorney confirmed that she was satisfied that Appellant was competent and the State offered no evidence regarding competency. I RR 15.

Counsel has found no error occurring in the final hearing and assessment of punishment. Mr. Cotes entered a plea of true to each remaining allegation in the application to proceed. I CR 142. At the sentencing hearing, the trial court sentenced Appellant to eight years confinement. V RR 51. The sentence assessed by the trial court is within the punishment range provided for by law. See TEX. PENAL CODE ANN. § 12.35(c)(1) (West 2013)(state jail enhanced to a third degree range).

7

Moreover, the judgment does not contain any improper assessment of fees. See Bray v. State, 179 S.W.3d 725 (Tex. App.--Fort Worth 2005, no pet.). Counsel is concerned that the application to proceed prepared by the probation department and submitted by the District Attorney's Office includes an allegation that Mr. Cotes was responsible for paying court costs, including court appointed attorney's fees. I CR 132 at ¶11. However, there were no attorney's fees assessed in either of the judgments. I CR 90-91, 136-138 and 151.

Counsel is also concerned that Mr. Cotes was mistakenly released from custody following the sentence being imposed. II CR 1 at ¶2. Despite his being released from custody by the Henderson County Sheriff's Office, the judgment in this case appears correct at the time it was issued, and any determination as to proper time credited would properly be the subject of a post-conviction writ. Ex parte Thiles, 333 S.W.3d 148 (Tex. Crim. App. 2011); Ex parte Dunn, 976 S.W.2d 208 (Tex. Crim. App. 1998). Thus, there is no reversible error during the punishment phase.

Finally, the undersigned has reviewed the record and found no arguable ground for ineffective assistance of counsel. Counsel is strongly

presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984).

In the present case, trial counsel offered pertinent evidence at the revocation hearing, and argued effectively. Considering the totality of the representation of Appellant's trial counsel, the record contains nothing that would indicate that counsel's performance was deficient. See id. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

## CONCLUSION

Since counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. See Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully

prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any pro se brief that he may wish to file.

Respectfully submitted,

 /s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 20th day of July, 2015.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,233 words as counted by Corel WordPerfect version x6.

 /s/ James Huggler
James W. Huggler, Jr.

11